> Const. art. 6, § 17, provides that justices of "inferior courts not of record" may be removed for cause by such courts as may be prescribed by law. Article 6, § 11, provides for the removal of other justices by the Legislature. The Court of Special Sessions in the city of New York was created by Laws 1895, p. 1283, c. 601, and section 28, p. 1295, of such statute provided, without attempting to designate the court as one of record or otherwise, that the justices thereof might be removed by the Appellate Division. At that time the Code of Criminal Procedure, § 11, provided that Courts of Special Sessions should be deemed inferior courts "not" of record within the section of the Constitution providing for the removal of justices, but for no other purpose. Laws 1895, p. 683, c. 880, enacted at the same session of the Legislature at which the Court of Special Sessions was created, revised the list of courts having criminal jurisdiction, section 11 being included among the sections amended, and in the amendment the word "not" was omitted in the first phrase of the provision as to the removal of justices. Const. 1894, art. 6, § 18, provided that no inferior local court thereafter created should be a court of record. Amendments to the Code of Civil Procedure, passed after the chapter amending the Code of Criminal Procedure (Laws 1895, p. 796, c. 946), expressly declares the Court of Special Sessions to be one not of record. *Held,* that in view of all the statutes, and especially of Const. 1894, art. 6, § 18, the omission of the word "not" in the amendment should be regarded as a mere scrivener's error, and the Court of Special Sessions as within Const. art. 6, § 17.

Application for the removal of Joseph M. Deuel from the office of justice of the Court of Special Sessions of the city of New York for the First Division. Motion to vacate an order of reference on the ground that the court was without jurisdiction to entertain the proceedings. Motion denied.

See 97 N. Y. Supp. 297.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Martin W. Littleton, for the motion.

Howard S. Gans, opposed.

PER CURIAM. The Constitution provides how judicial officers shall be removed: (1) Judges of the Court of Appeals and justices of the Supreme Court by concurrent resolution of both houses of the Legislature; (2) All other judicial officers, except justices of the peace and judges or justices of inferior courts not of record by the Senate, on recommendation of the Governor. Article 6, § 11. (3) Justices of the peace and judges or justices of inferior courts not of record, and their clerks may be removed for cause after due notice and an opportunity of being heard by such courts as are or may be prescribed by law. Article 6, § 17. The proposition upon which the motion is based is that the Court of Special Sessions is no longer an inferior court not of record; and hence that the Legislature had no power to invest the court with jurisdiction to remove the justices thereof. The Court of Special Sessions in the city of New York was created by chapter 601, p. 1283, Laws 1895, and was undoubtedly a

new court created by the Legislature.   Koch v. Mayor, 152 N. Y. 86,
46 N. E. 170.   By the act creating it (section 28) it was provided,
without attempting to designate the court as being of record or not
of record, that the justices thereof might be removed by the Appellate
Division of the Supreme Court in the First Department.   At this time
section 11 of the Code of Criminal Procedure provided that:

"The Courts of Special Sessions and Police Courts are deemed inferior
courts not of record within the section of the Constitution which provides for
the removal of justices of the peace and judges or justices of inferior courts,
not of record and their clerks, by such county, city or state courts as are des-
ignated by law, but for no other purpose."

It is apparent, therefore, that at the time of the creation of the
Court of Special Sessions and until the adoption of the statute next
referred to the Court of Special Sessions was an inferior court not
of record, and the justices thereof were removable by this court.   At
the same session of the Legislature at which the Court of Special
Sessions was created there was enacted chapter 880, p. 683, of the
Laws of that year, amending generally the Code of Criminal Procedure
so as to conform its provisions to the considerable changes that had
been effected in the organization of the judiciary of this state by the
adoption of the constitutional amendment of 1894.   In this revision
it was necessary to revise the list of courts having criminal jurisdic-
tion, and section 11, containing that list, was included among the sec-
tions amended.   As that amendment appears, the word "not" is omit-
ted in the first phrase of the provision above quoted as to the removal
of justices, so that it now reads:

"The Courts of Special Sessions and Police Courts are deemed inferior
courts of record within the section of the Constitution which provides for the
removal of justices of the peace and judges or justices of inferior courts not
of record and their clerks by such county, city or state courts as are designated
by law; but for no other purpose."

The contention is that the word "not" was deliberately and inten-
tionally omitted by the Legislature, and that its effect is to create the
Special Sessions into a court "of inferior jurisdiction of record," and
hence to exclude it from the class of courts mentioned in section 17,
art. 6, of the Constitution, and transfer it into the class, the justices
of which under section 11 of article 6 can only be removed by the
Legislature upon recommendation of the Governor.   It is quite clear
that in creating the court the Legislature intended that it should be
classed among those not of record, so far as concerned the removal
of its justices, as section 28 vesting power of removal in this court
amply shows.   If the omission of the word "not" from section 11 of
the Code of Criminal Procedure as amended by chapter 880, p. 683,
Laws 1895, was designed, or should be construed as an attempt to
erect the court into an inferior court of record, it would be void and
ineffective because section 18 of article 6 of the Constitution of 1894
expressly provided that no inferior local court thereafter created (as
was the Court of Special Sessions) should be a court of record.   We
are satisfied, however, that the omission of the word "not" was a mere
scrivener's error, and that the section as apparently amended in this
particular should be read as if the word "not" had been retained in the

clause. We find no difficulty arising from the generally accepted canons of construction in so construing the statute. A contrary reading would lead to absurd and impossible results. It would, as has been shown, render the enactment unconstitutional. It would apparently leave the justices of the Court of Special Sessions irremovable because section 11 of article 6 provides only for the removal of judicial officers of courts not of record, and the Legislature under the Constitution cannot by mere declaration make a court of record out of a court not of record, nor is there reason to suppose that the Legislature intended to give immunity to these particular justices from removal for just cause. All statutes must be so construed as to give effect to the evident intention of the Legislature, and to prevent inconsistency, unreasonableness, or unconstitutionality it is permissible to ignore the mere letter of the statute, and even to disregard or to supply words obviously inserted or omitted by mistake. Gusthal v. Strong, 23 App. Div. 315, 48 N. Y. Supp. 652; Wood v. Lacombe, 99 N. Y. 48, 1 N. E. 599; People ex rel. Mason v. McClave, 99 N. Y. 83, 1 N. E. 235.

An enactment creating a court of record for a particular purpose, as for the purpose of removing its judges, and not of record for every other purpose, would be a manifest absurdity. A court of record under the common law and under the law of this state is a court having certain attributes, and its judgments are by law given certain effect; and the state, having the power to create courts, has to determine whether a court created is a court of record or a court not of record. If a court is created as a court not of record, it then comes within the provisions of the Constitution which authorizes the Legislature to provide for the removal of the judges of such a court. The amendments to the Code of Civil Procedure passed after the chapter amending the Code of Criminal Procedure (chapter 946, p. 796, Laws 1895) expressly declares the Court of Special Sessions to be a court not of record.

The court, therefore, is a court not of record, notwithstanding the prior amendment to the Code of Criminal Procedure; and, being a court not of record, the Legislature had power to provide that its judges should be removed by this court, and, the provisions of the act of 1895 being still in force, it follows that this court has jurisdiction of the proceeding, and the motion must consequently be denied.