BARBER ASPHALT PAVING COMPANY, Respondent, vs. CITY OF OSHKOSH, Appellant.

*May 13—June 3, 1909.*

*Statutes: Construction: "May:" Municipal corporations: Streets: Improvements.*

1. The ordinary and natural meaning of the word "may," when used in a statute, is permissive and discretionary, not mandatory, although it is construed as mandatory when such construction is necessary to give effect to the clear purpose and intent of the statute.

2. The word "may" in sec. 925—223, Stats. (1898), providing that whenever the city council shall order the paving or repaving of a street in which gas or water mains, or sewers, or either

of them, have previously been laid, they *may* require service·
pipes and house drains to be first laid to the curb line, and.
that no street shall be paved or repaved by order of the council
unless the water and gas mains and service pipes and neces-
sary sewers and their connections shall, *as required by the
council,* be first laid and constructed,—is used in its ordinary
and natural meaning and is not mandatory. *Gleason v. Wau-
kesha Co.* 103 Wis. 225, in so far as it indicates that a city
cannot pave without first requiring such connections to be made,
overruled.

APPEAL from a judgment of the circuit court for Winne-
bago county: GEO. .W. BURNELL, Circuit Judge. *Affirmed.*

*Fred Beglinger,* city attorney, and *F. C. Stewart,* of coun--
sel, for the appellant.   They contended, *inter alia,* that the·
word "may" in a statute will be construed to mean "shall"
whenever the rights of the public or third persons depend
upon the exercise of the power or the performance of a duty
to which it refers, and such is its meaning in all cases *where
the public interests and rights are concerned,* or a public duty·
is imposed upon the public officers, and the public or third
person's have a claim *de jure* that the power shall be exercised.
Sutherland, Stat. Constr. sec. 462 and p. 599; *Mason v. Fear-
son,* 9 How. 248, 259; *Supervisors v. U. S.* 4 Wall. 435;.
*Kennedy v. Sacramento,* 19 Fed. 580; *Buffalo P. R. Co. v..
Comm'rs,* 10 How. Pr. 237; *Hall v. Wabash R. Co.* 80 Mo.
App. 463; *Edwards v. Hall,* 30 Ark. 31; *State v. Saline·
County Court,* 48 Mo. 390; *Hagadorn v. Raux,* 72 N. Y.
583; *Vason v. Augusta,* 38 Ga. 542; *People ex rel. Fiske v.
Brooklyn,* 22 Barb. 404; *Doane v. Omaha,* 58 Neb. 815;.
*Follmer v. Nuckolls Co.* 6 Neb. 204; *People ex rel. Putnam.
v. Buffalo Co.* 4 Neb. 150.

For the respondent there was a brief by *Bouck & Hilton,*
attorneys, and *Frank M. Hoyt,* of counsel, and oral argument.
by *Mr. Hoyt.*

WINSLOW, C. J.   The plaintiff, having paved certain
streets in the city of *Oshkosh* under written contracts with the·

city, sued to recover that part of the contract price which was to be paid by the city, and the defense made was that the contracts were void because the city had not required water and gas service pipes and sewer connections to be laid before the paving was done. Judgment having been rendered for the plaintiff the city appeals.

The city had adopted subch. XX of ch. 40a, Stats. (1898), relating to the construction of sewers, and the question is whether the word "may," as used in section 925—223 of that chapter, is permissive or mandatory. The section provides in effect that whenever the city council shall order the paving or repaving of a street in which gas or water mains, or sewers, or either of them, have previously been laid, "they *may* also by resolution" require service pipes and house drains to be first laid to the curb line at the expense of the abutting property, at such intervals as they shall direct. The section then provides for the giving of notice to property owners to lay such service pipes or connections, and for the laying of the same by the board of public works in case of default, and concludes with the proviso "that no street shall be paved or repaved by order of the council unless the water and gas mains and service pipes and necessary sewers and their connections shall, *as required by the council,* be first laid and constructed in that portion of such street so to be paved or repaved."

The ordinary and natural meaning of the word "may," when used in a statute, is permissive and discretionary, not mandatory, although it is construed as mandatory when such construction is necessary to give effect to the clear purpose and intent of the statute. The trial judge thought that it should be construed in its ordinary and natural meaning here, and we entirely agree with his view. To construe it as mandatory would mean that whenever a street containing water or gas mains or sewers was ordered to be repaved, the council must order new service pipes and connections to be laid, notwithstanding the fact that all necessary pipes and connec-

tions were already in place, operating perfectly, and good for many years of service. Such was the case in the present action, as admitted by the pleadings with reference to two of the streets paved. Other instances may easily be called to mind where, although water or gas mains or sewers already exist in a street, it would be utterly unnecessary and oppressive to require service pipes or connections to be made, because the adjoining property, by reason of its proximity to another street, is already fully and more economically served. No reason occurs to us which calls for a mandatory construction of the word. The final proviso of the section evidently means simply that, when the council has required pipes and connections to be laid, the paving shall not be done until the pipes and connections so ordered have been first laid.

The appellant confidently relies on *Gleason v. Waukesha Co.* 103 Wis. 225, 79 N. W. 249, as sustaining the contention that the council must make the order in every case. That action was brought by a taxpayer to set aside a special assessment for making gas and water connections because the council had not adopted the proper resolution nor given the proper notice requiring the connections to be made and because such assessments constituted a taking of private property for private use. It was determined by this court that, so far as the resolution and notice were concerned, the statute had been essentially complied with, so there was in fact no question before the court as to the effect of proceeding without requiring the connections to be first made. It is true that in discussing the question it was said, in passing, that the city was prohibited from paving the street *without first requiring connections to be made* with the mains and pipes run therefrom to the curb lines. As far as this indicates that the city cannot pave without first requiring connections to be made, it must be considered as overruled. The city having ordered the connections made in that case, the question as to the effect of a failure to make such order was not necessary to be considered.

The idea in mind was that, after the connections had been ordered in, the city had no right to pave until the connections had in fact been put in; and this was as far as the court intended to go.

*By the Court.*—Judgment affirmed.