<hr />

CURRY, Respondent, vs. CITY OF PORTAGE, Appellant.

*January 9—February 7, 1928.*

*Statutes: When "may" means "must:" Reimbursing official for expense in defending official acts: Long-continued legislative practice is intrenched public policy: Discretion of city council: Constitutionality of statute permitting reimbursement.*

1. The word "may," as used in statutes, means "must" or "shall" only in cases where the public interests or rights are concerned and where the public or third persons have a claim *de jure* that the power should be exercised. p. 37.

2. Sub. (7) (f), sec. 62.09, Stats., providing that a city official "may" be reimbursed for expenses incurred when proceeded against in his official capacity or because of some act arising out of the performance of his official duty, is permissive only, and vests no right in the official to recover any portion of such expenses from the city. p. 39.

3. The long-continued legislative practice of appropriating money to reimburse state officers for expenses incurred in their official capacity when proceeded against, or because of some act arising in the performance of duty, is an intrenched public policy, and relieves such appropriations of a private character if they are of that character at all, so that they are not unconstitutional as appropriations of public money for private purposes. p. 40.

4. Said sub. (7) (f) does not confer a right to such reimbursement upon any public officer, but confers a discretion upon the common council, and hence it is not unconstitutional as not assuring equal treatment to all public officers.    p. 41.

APPEAL from an order of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge.    *Reversed.*

The plaintiff, *Thomas Curry,* brought this action against the city of *Portage* to recover expenses incurred by him in a proceeding brought before the fire and police commission of the city of *Portage* for his removal from office.    The defendant appeals from an order of the circuit court overruling a general demurrer to the complaint.

For the appellant there was a brief by *John J. O'Keefe,* attorney, and *Grady, Farnsworth & Walker,* of counsel, all of Portage, and oral argument by *W. H. Farnsworth.*

For the respondent the cause was submitted on the brief of *H. B. Rogers* and *Stroud & Stroud,* all of Portage.

OWEN, J.    The plaintiff is chief of police of the city of *Portage.*    Proceedings were instituted against him before the fire and police commission of that city to remove him from office.    He successfully defended against such proceedings and, in doing so, incurred an expense of $402.50, to recover which he brings this action.    He bases his right to recover upon sec. 62.09 (7) (f) of the Statutes of 1925, which provides that "Whenever a city official in his official capacity proceeded against or obliged to proceed before any court, board or commission, to defend or maintain his official position, or because of some act arising out of the performance of his official duties, and he has prevailed in such proceeding, or the council has ordered the proceeding discontinued, the council may provide for payment to such official such sum as it sees fit, to reimburse him for the expenses reasonably incurred for costs and attorney's fees." The complaint alleges that plaintiff presented his claim to the common council, where it was considered, and further

alleges "that the plaintiff is informed and verily believes that at such consideration of said bill the said council erroneously believed that it was without power to allow said bill and refused to exercise its discretion relative to the said bill, and disallowed the same." The demurrer to the complaint raises the question whether the statutory provision above quoted vests plaintiff with a right to be reimbursed for the expenses incurred in defending the proceedings brought for his removal before the fire and police commission. Unless said statutory provision be so construed, he has no claim against the city which he may enforce by an action at law.

The statute provides that "the council may provide for payment to such official such sum as it sees fit." The question presented turns upon the construction of the word "may." The natural and ordinary significance of the word "may" is permissive, but it is sometimes construed to mean "must" or "shall" in statutes where necessary to give effect to the legislative purpose. In *Cutler v. Howard,* 9 Wis. 309, Mr. Chief Justice DIXON fully discusses the rule of construction here applicable, and says:

"That rule as deduced from all the authorities is, to use the clear and explicit language of Chancellor KENT in *Newburgh Turnpike Co. v. Miller,* 5 Johns. Ch. 113, 'that the word *may* means *must* or *shall* only in cases where the public interests or rights are concerned; and where the public or third persons have a claim *de jure* that the power should be exercised.'"

Where a third party may insist upon the exercise of such a power it must appear that he has a right *de jure,* the enjoyment of which depends upon the exercise of the power. As stated in the syllabus in *Kelley v. Milwaukee,* 18 Wis. 83: "Where an authority is conferred upon a city council in *permissive* language, it is still imperative upon them to exercise it, if other persons have an absolute right to have it exercised." Many cases are reviewed to illustrate this rule in *Cutler v. Howard, supra,* and further elaboration for that

purpose is unnecessary, although *Barber Asphalt Paving Co. v. Oshkosh,* 140 Wis. 58, 121 N. W. 603, may be referred to.

Unless it be the statute here in question, no law conferred upon the plaintiff the right to recover the expenses of his litigation from the city of *Portage.* A consideration of that statute reveals no such legislative purpose. It merely authorizes the common council to provide, not for the payment of all of the expenses incurred by an official in defending such proceedings, but only such sum as the council sees fit. This language plainly vests the council with the broadest kind of discretion, and, very plainly, has no other purpose than to confer discretionary power upon the council. It is not mandatory upon the council to pay all of the expenses of an officer under such circumstances, nor even the reasonable expenses. They may pay such portion as they see fit. This is the construction of a similar statute of New York in *Deuel v. Gaynor,* 141 App. Div. 630, 126 N. Y. Supp. 112. The trial court seemed to be of the opinion that that case gave a mandatory construction to the statute, but we do not so read it. While that court upheld a writ of *mandamus* directed to the board of estimate and apportionment to consider the claim of the officer for expenses incurred in defending himself in proceedings seeking his removal from office, the court said: "We think the amount to be allowed, if any, is within the discretion of the board," and "we interpret this statute, therefore, as conferring authority upon the board to examine into the claim and to allow such sum as it deems reasonable." LAUGHLIN, J., concurred in the views of the court with respect to the authority of the board of estimate and apportionment to audit and allow the claim of the petitioner, but said: "I am of the opinion that the proper construction of the statute is that the authority carries with it a duty to audit and allow the reasonable costs, counsel fees, and expenses necessarily paid or incurred by the petitioner in successfully defending against the proceed-

ing to remove him from office." This is pretty conclusive evidence that the court did not adopt the extreme view of LAUGHLIN, J. But whatever the holding of that case may be, we have no difficulty in reaching the conclusion that the statute we are considering is permissive only, and vests no right in the plaintiff to recover any portion of his expenses from the city.

The plaintiff contends that, as so construed, the statute is unconstitutional, because it authorizes the appropriation of public funds for a private purpose, and because it does not assure equal treatment to all public officers so incurring expense, for the reason that the common council may grant reimbursement to some and deny it to others. It was held in *Kane v. McClellan,* 110 App. Div. 44, 96 N. Y. Supp. 806, that such a statute did not appropriate public funds for a private purpose so far as it was prospective in its operation, because such prospective legislation would be deemed an expression of a public purpose and the assurance thus given might be regarded as creating such an obligation as to relieve the subsequent payment from the objection that it was a mere gratuity, and that "The conditional promise to reimburse contained in such statute may be regarded as a part of the compensation which the state, city, or town, as the case may be, stipulates that the officer shall receive for the return of services to be by him rendered." It would seem that this reasoning was based upon the assumption that the statute definitely provided for the reimbursement of all public officers under like circumstances. But, as already seen, the court in *Deuel v. Gaynor,* 141 App. Div. 630, 126 N. Y. Supp. 112, held that the statute was permissive merely, and it was said in the latter case that the constitutionality of the law was set at rest in *Kane v. McClellan.*

However, we have no difficulty in arriving at the conclusion that our law involves no constitutional infirmities. We have no statute providing for the reimbursement of state officers in defending legal proceedings brought against them

growing out of the discharge of their official duties. But for many years it has been the policy of the legislature to reimburse state officers for expenses so incurred where the litigation results from a faithful discharge of official duty. This is good public policy and encourages a faithful and courageous discharge of duty on the part of public officers. This practice on the part of the legislature has obtained for so many years that it is now an intrenched public policy, affording scarcely less assurance than a statutory declaration that state officers will be reimbursed by the state for expenses thus incurred. This long-continued legislative practice relieves such appropriations of a private character, if, indeed, they are of that character at all. Thus in *Loan Association v. Topeka,* 20 Wall. (87 U. S.) 655, at p. 665, the supreme court of the United States said:

"And in deciding whether, in the given case, the object for which the taxes are assessed falls upon the one side or the other of this line [public or private purpose], they must be governed mainly by the course and usage of the government, the object for which taxes have been customarily and by long course of legislation levied, what objects or purposes have been considered necessary to the support and for the proper use of the government, whether state or municipal. Whatever lawfully pertains to this and has been sanctioned by time and the acquiescence of the people may well be held to belong to the public use, and proper for the maintenance of good government, though this may not be the only criterion of rightful taxation."

But more than this, it is now well settled that public moneys may be appropriated for claims founded in equity or justice, in gratitude or charity. *Brodhead v. Milwaukee,* 19 Wis. 624; *Curtis's Adm'r v. Whipple,* 24 Wis. 350, 355; *State ex rel. McCurdy v. Tappan,* 29 Wis. 664; *Lafebre v. Board of Education,* 81 Wis. 660, 667, 51 N. W. 952; *Lund v. Chippewa County,* 93 Wis. 640, 650, 67 N. W. 297; *State ex rel. Atwood v. Johnson,* 170 Wis. 218, 175 N. W. 589; *Ibid.* 170 Wis. 251, 176 N. W. 224. The claims of

public officers to reimbursement for expenditures reasonably incurred by them in defending themselves against groundless charges or litigation arising out of faithful discharge of duty are founded in equity and justice, and, in all fairness, should be paid by the public. To the point that the law does not guarantee that all public officers shall be treated alike, and that the common council may reimburse some and withhold such reimbursement from others, it is only necessary to say that the law does not confer a right to such reimbursement upon any public officer. The law simply confers upon common councils the same discretion which the legislature has always exercised. The law confers a discretionary power upon the council and does not grant a right to the officer. If such a power be misused it calls for political and not legal remedies. Whether the plaintiff is entitled to *mandamus* to compel the common council to exercise its discretion need not here be considered. That remedy is not sought. Manifestly the common council need entertain no further doubt concerning its power in the premises.

*By the Court.*—Order reversed, and cause remanded with instructions to sustain the demurrer to the complaint.