PAGE, Respondent, vs. MILWAUKEE COUNTY, Appellant.

*January 9—February 7, 1939.*

For the appellant there was a brief by *Herbert J. Steffes,* district attorney, *Oliver L. O'Boyle,* corporation counsel, and *C. Stanley Perry,* assistant corporation counsel, and oral argument by *Mr. Perry.*

For the respondent there was a brief by *Rubin, Zabel & Ruppa,* attorneys, and *W. C. Zabel* of counsel, all of Milwaukee, and oral argument by *Mr. Zabel.*

FAIRCHILD, J. The effort to secure the ouster of Judge Page was ill-founded, and on its face was doomed to failure, but Page could not ignore it and under the circumstances it necessarily subjected him to annoyance and expense. Since the accusations did not directly concern any official act of Page as judge, and particularly since it was alleged that Page had in his possession money unlawfully obtained from the city and from the county, he could not turn the matter over

to the legal staff of either municipality. He was compelled to employ counsel to defend him against the false accusations.

Sec. 331.35, Stats., provides that the city or county may pay all reasonable expense which a salaried officer may necessarily incur, when charges of any kind shall be filed or an action brought against him in his official capacity or to subject him to a personal liability growing out of the performance of official duties. Except where a constitutional question is involved, the payment is not to be made unless the matter is determined favorably to the officer.

The trial court concluded that the allegations accusing Judge Page of conspiracy in connection with the passage of legislation relating to his office were charges against him in his official capacity, but that the allegations concerning the constitutionality of the legislation increasing his salary and extending his term did not constitute an action against him in his official capacity, but rather called upon him as an individual to defend his title to the office.

The result of the present action must turn upon the meaning of the expression "in his official capacity" as used in sec. 331.35, Stats. If the legislature intended that those words should be given a narrow meaning, it may be that no part of the Langen complaint would come within the statute. There are actions of such form and nature that when begun against an incumbent of an office they may be continued, after a change of officers, by substituting the new incumbent as defendant. Such an action would, in the strict and narrow sense of the term, be an action against the officer in his official capacity. But the legislature could not have intended the expression as used in sec. 331.35 to have that meaning, because such an action against a judge would be defended either by a private party interested in the litigation in which the judge had acted, as in the case of a writ of prohibition, or by the city or county in other cases, so that the judge would not ordinarily be subjected to expense.

In view of the evident purpose of the legislature to provide for reimbursement when charges of any kind have been made against an officer, subjecting him to expense, it must be held that the words "in his official capacity" are to be given a liberal construction which includes actions calling upon the officer to defend his title to the position. The legislature evidently used the expression "in his official capacity" in order to exclude lawsuits not related to the official position of the defendant.

While it may be true that many seek a public office because of the honor and the emoluments that go with it, there is a real sense in which an office is a burden assumed by the incumbent for the common good. One accepts a public office *cum onere* and unless relieved by legislation assumes the risk of having to defend himself against unfounded accusations, which may be addressed to the individual but are brought against him because he is an officer and for the purpose of preventing him from acting in his official capacity. Few can perform the duties of public office honestly and courageously without at times arousing jealousy and hatred.

In *Curry v. Portage* (1928), 195 Wis. 35, 217 N. W. 705, this court ruled that it is in accord with public policy to permit the use of public money to reimburse an officer for expense incurred in defending his title to an office. Having chosen one to act in an official capacity, the people are entitled to his services. In defending his right to the office, the officer acts not only for himself, but for the citizens who have chosen him. Under sec. 331.35, Stats., if the attack proves to be unwarranted, as in the present case, the officer may be reimbursed.

The question of the constitutionality of sec. 331.35, Stats., was correctly disposed of in the court below, in reliance upon *Curry v. Portage, supra.* It is the contention of the county that the statute discriminates against employees and favors officers. But as between officers and employees there is

ground for a valid classification, and the statute is therefore not discriminatory. Further, the statute is not mandatory, and confers no right upon the officer. The municipality may pay if it will, but the statute does not compel it to do so. We do not deem it necessary to consider the question further.

It must be concluded that the county of Milwaukee has the power to reimburse Judge Page for one half of the entire expense which he necessarily incurred in defending against the allegations of the Langen complaint.

*By the Court.*—That part of the judgment which declares that the county may not reimburse the plaintiff for expense incurred in the *quo warranto* action is reversed, the balance of the judgment is affirmed, and the cause is remanded with directions to enter judgment in accordance with this opinion.