CHARLES M. HILL, SR., Secretary, Department of Local Affairs andDevelopment
You inquire whether a city may reimburse a commissioner of the redevelopment authority of the city for his legal expenses incurred where charges are filed against him in his official capacity seeking his removal from office for cause and such charges are found by the common council to be unsupported. The answer to the question is "yes." You also inquire whether the redevelopment authority of the city also has authority to reimburse a commissioner for such expenses. The answer is "no."
City redevelopment authorities are created by sec. 66.431, Stats. Section 66.431 (3) (a), Stats., provides for appointment of authority commissioners by the mayor or other head of the city government, with the confirmation of the local governing body, and sec. 66.431 (3) (b), Stats., states that the removal of commissioners is governed by sec. 66.40, Stats. Section 66.40 (8), Stats., describes the manner in which authority commissioners are removed and provides as follows:
 "REMOVAL OF COMMISSIONERS. For inefficiency or neglect of duty or misconduct in office, a commissioner of an authority may be removed by the mayor, but a commissioner *Page 422 
shall be removed only after he shall have been given a copy of the charges at least ten days prior to the hearing thereon and had an opportunity to be heard in person or by counsel. In the event of the removal of any commissioner, a record of the proceedings, together with the charges and findings thereon, shall be filed in the office of the city clerk. To the extent applicable, the provisions of section 17.16 relating to removal for cause shall apply to any such removal."
Section 17.16 (3), Stats., provides for a speedy public hearing on such charges at which the officer is entitled to be heard in his defense, personally and by counsel.
Under sec. 895.35, Stats., discretion is granted to cities and certain other governmental entities to pay all or any part of the legal expenses incurred by a city officer where "charges of any kind are filed" against him "in his official capacity" and the charges are "discontinued or dismissed or such matter is determined favorably to such officer, or such officer is reinstated, . . ." In order to determine whether this statute applies, it is necessary to consider whether commissioners of a redevelopment authority established pursuant to sec. 66.431, Stats., are city officers, at least for the purposes of reimbursement of legal expenses, under sec. 895.35, Stats.
The status of redevelopment authorities created under sec. 66.431, Stats., was considered by the Wisconsin Supreme Court inRedevelopment Authority v. Canepa (1959), 7 Wis.2d 643,97 N.W.2d 695. In that case the court determined that a redevelopment authority is subordinate to the city, notwithstanding sec. 66.431 (3) (f), Stats., which provides that "the authority is deemed an independent, separate and distinct public body and a body corporate and politic." The court, considering the statute as a whole, determined that the city had the power to control the activities of the authority to such a degree as to deprive the authority of its independence, and the court therefore treated the redevelopment authority as if it were a department of the city.
It is evident from the provisions of sec. 66.431, Stats., that redevelopment commissioners are public officers. Such conclusion is obvious if for no other reason than the fact that they are subject to "removal from office" under the provisions of sec.17.16, Stats. Further, in light of Redevelopment Authority v.Canepa, supra, I also *Page 423 
conclude that such commissioners are "city officers," at least within the meaning of sec. 895.35, Stats., and are therefore entitled to have their requests for reimbursement of legal expenses considered under the terms of that statute. On the other hand, reimbursement of expenses under sec. 895.35, Stats., is not mandatory and the statute confers no right on the officer to be reimbursed. Page v. Milwaukee County (1939), 230 Wis. 331,283 N.W. 833.
In light of my conclusion that sec. 895.35, Stats., authorizes a city to reimburse redevelopment commissioners for certain legal expenses, I do not consider it necessary to fully treat another statute which authorizes reimbursement of legal expenses, sec.62.09 (7) (e), Stats., other than to comment concerning its possible application. Section 62.09 (7) (e), Stats., provides:
 "Whenever a city official in his official capacity proceeded against or obliged to proceed before any court, board or commission, to defend or maintain his official position, or because of some act arising out of the performance of his official duties, and he has prevailed in such proceeding, or the council has ordered the proceeding discontinued, the council may provide for payment to such official such sum as it sees fit, to reimburse him for the expenses reasonably incurred for costs and attorney's fees."
Using the same rationale as applied above in the interpretation of sec. 895.35, Stats., I find it probable that a commissioner would be considered to be a "city official" within the meaning of sec. 62.09 (7) (e), Stats. However, I also note that the statute only applies to instances where the city official is proceeded against before a "court, board or commission," and a court might conclude that a proceeding before the common council does not fall within such language.
None of the above discussed statutes authorizing the reimbursement of legal expenses for public officers or officials would authorize a city redevelopment authority to reimburse such expenses under the circumstances you relate, and I find nothing in sec. 66.431, Stats., which authorizes such payment. In the absence of statutory authorization, it is my opinion that the principles enunciated in Page, supra, control, and the redevelopment authority lacks authority to reimburse one of its commissioners for legal expenses incurred because charges are filed against him in his official capacity seeking *Page 424 
his removal from office by the common council for cause, even though such charges are found by the council to be unsupported.
RWW:JCM