Robert KUECHMANN, and Robert Winter, Each an Elector & School Board Member of the School District of La Crosse, Plaintiffs-Respondents,

v.

SCHOOL DISTRICT OF LA CROSSE, Defendant-Respondent,

Ken FRENCH, School Board Clerk & School Board Member, John Parkyn, School Board President & School Board Member, Roger Legrand, School Board Member, and Audry Kader, School Board Member, Charles H. Miller, III, and Dan Rounds, Defendants,

Dr. Daniel LANGE, Douglas L. Farmer, Gary Harter, Rudy Jolivette, Lynetta R. P. Kopp, and Susan J. Knight, Defendants-Appellants,

STATE of Wisconsin ELECTIONS BOARD, Intervenor.

Court of Appeals

*No. 92–1685. Oral argument July 9, 1992.—Decided July 10, 1992.*

(Also reported in 487 N.W.2d 639.)

219

For the defendants-appellants the cause was submitted on the brief of *Kevin C. O'Keefe* of *Parke, O'Flaherty, Heim, Egan, Koby & O'Keefe, Ltd.* of La Crosse. Oral argument by *Kevin C. O'Keefe*.

For the plaintiffs-respondents, Robert Kuechmann and Robert Winter, the cause was submitted on the brief of *James G. Birnbaum* of *Davis, Birnbaum, Marcou, Devanie & Colgan* of La Crosse. Oral argument by *James G. Birnbaum*.

For the defendant-respondent, School District of La Crosse, the cause was submitted on the brief of *David R. Friedman* of *Friedman Law Firm* of La Crosse. Oral argument by *David R. Friedman*.

For the Intervenor, State of Wisconsin Elections Board, the cause was submitted on the brief of *James E. Doyle,* attorney general, with *Alan Lee,* assistant attorney general. Oral argument by *Alan Lee*.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J.   This is an appeal by Dr. Daniel Lange, Douglas L. Farmer, Gary Harter, Rudy Jolivette, Susan J. Knight and Lynetta R. P. Kopp from an order declaring sec. 9.10(4), Stats., unconstitutional and enjoining and prohibiting the School District of La Crosse from conducting a recall election scheduled for July 14, 1992, as to certain members of the school board. Section 9.10(4) sets forth the recall procedure for city, village, town and school district officials. Appellants are candidates on the recall election ballot and were defendants below as was the school district and the district clerk. We conclude that because the plaintiffs in the action below, Robert Kuechmann and Roger Winter, both members of the school board against whom the recall petitions were filed, failed to comply with sec. 5.06, Stats., pertaining to review of acts by election officials, and have not sought judicial review of the State Elections Board's decision, the circuit court lacked subject matter jurisdiction. We reverse the order of the circuit court and direct the circuit court to dismiss the plaintiffs' complaint.

On June 5, 1992, plaintiffs properly sought relief pursuant to sec. 5.06(1), Stats., with respect to alleged deficiencies in the recall petitions by filing a complaint with the Elections Board. The complaint also alleged certain matters pertinent to this appeal which the board concluded on June 12, 1992, that it may not or would not review: whether sec. 9.10(4), Stats., is unconstitutional because it denies the plaintiffs due process and equal protection under the law and fails to provide adequate judicial review; and whether the nature and extent of the illegal and improper signatures demonstrated a pervasive pattern of disregard of the law and, if so, whether that compelled rejection of the petitions. The board's order of June 12 left the board with two issues: whether the clerk

of the school district had acted contrary to law in finding that the recall petitions were timely filed, and whether the clerk erred by certifying that there were sufficient valid signatures on valid petitions.

On June 19, 1992, the Elections Board rendered its final decision on the complaint before it. After making findings of fact, the board concluded that the clerk did not act contrary to law in finding that the petitions were timely filed and did not err in certifying that there were sufficient valid signatures on valid petitions to recall the plaintiffs. The board therefore issued an order denying the relief sought by the complaint.

But on June 17, 1992—two days *before* the Elections Board rendered its final decision—plaintiffs brought this action in circuit court for declaratory relief, injunctive relief and, in the alternative, for a writ of prohibition directed against the holding of the recall election. The grounds for relief are two of the issues plaintiffs raised before the Elections Board: (1) that the recall procedure in sec. 9.10(4), Stats., denies the plaintiffs due process of law and equal protection of the laws, contrary to the Fourteenth Amendment of the United States Constitution, and (2) because of the "pervasive pattern of impropriety by each" of four circulators of the recall petitions, the petitions bear an insufficient number of signatures for a recall election. The alleged improprieties consist of misrepresentation to petition signers, forged and fictitious signatures, tampered and forged dates, and signatures by non-electors. The trial court agreed that sec. 9.10(4) is unconstitutional, did not reach the second issue, and entered the order before us on appeal.

Section 5.06(1), Stats., provides in substance that whenever any elector in a district served by an election official believes that a decision or action of the official

(here the clerk of the school district) is contrary to law in (among other proceedings) a recall election, the elector may file a written sworn complaint with the Elections Board requesting that the official be required to conform his or her conduct to the law.

Section 5.06(2), Stats., provides in part:

No person who is authorized to file a complaint under sub. (1), other than the attorney general or a district attorney, may commence an action or proceeding to test the validity of any decision, action or failure to act on the part of any election official with respect to any matter specified in sub. (1) without first filing a complaint under sub. (1), *nor prior to disposition of the complaint by the board.* (Emphasis added.)

Plaintiffs failed to comply with sec. 5.06(2), Stats. Plaintiffs commenced their action in circuit court before the Elections Board disposed of their complaint before the board.

Moreover, plaintiffs have not sought judicial review under sec. 5.06, Stats., of the board's decision. Section 5.06(8), Stats., provides that a complainant aggrieved by the decision of the board "may appeal the decision of the board" to the circuit court. Section 5.06(9), Stats., provides:

The court may not conduct a de novo proceeding with respect to any findings of fact or factual matters upon which the board has made a determination, or could have made a determination if the parties had properly presented the disputed matters to the board for its consideration. The court shall summarily hear and determine all contested issues of law and shall affirm, reverse or modify the determination of the board, according due weight to the experience, technical competence and specialized knowledge of the

223

board, pursuant to the applicable standards for review of agency decisions under s. 227.57.

Rather than seek sec. 5.06, Stats., review of the board's decision, plaintiffs brought an original action for declaratory relief, injunctive relief and prohibition.

Plaintiffs' failure to comply with sec. 5.06(2), Stats., and failure to seek judicial review under sec. 5.06(8) and (9), Stats., deprived the circuit court of jurisdiction. The Elections Board is an administrative agency. For many years, the law of this state has been that if "a statute relating to an administrative agency provides a direct method of judicial review of agency action, such method of review is generally regarded as exclusive, especially where the statutory remedy is plain, speedy, and adequate." *Underwood v. Karns,* 21 Wis. 2d 175, 179–80, 124 N.W.2d 116, 118–19 (1963). "Where a specified method of review is prescribed by the legislature, that method is exclusive." *Graney v. Board of Regents,* 92 Wis. 2d 745, 755, 286 N.W.2d 138, 144 (Ct. App. 1979), and cases cited. If the statutorily prescribed procedure for review is not followed, the circuit court lacks jurisdiction to issue an injunction. *Jackson County Iron Co. v. Musolf,* 134 Wis. 2d 95, 101, 396 N.W.2d 323, 325 (1986).

No room exists for an argument that the remedy of judicial review afforded under sec. 5.06, Stats., is inadequate. When the legislature prescribes the method to review alleged deficiencies in election procedure, the legislature must deem that procedure to provide an adequate review. For a court to suggest that the statutorily mandated review in sec. 5.06(9), Stats., is somehow inadequate would defy the legislature's decision to the contrary. The summary procedure mandated in the statute evinces the legislature's knowledge that a speedy review

224

of the board's decision is necessary. The legislature having decreed that deficiencies in an election will be judicially reviewed as in sec. 5.06(8) and (9), Stats., the circuit court cannot employ some other method of review, such as an independent action for declaratory relief, prohibition or injunction.

■■

It is immaterial that the board concluded that it would not or could not review the claim for pervasive fraud. The decision of the board to that effect is judicially reviewable in an action brought pursuant to sec. 5.06, Stats. It is immaterial that the board, as an agency of the state, concluded it would not and could not review the claim that sec. 9.10(4), Stats., suffers from the constitutional defects that plaintiffs allege exist. As the Wisconsin Supreme Court said in *Omernick v. DNR*, 100 Wis. 2d 234, 248, 301 N.W.2d 437, 444, *cert. denied*, 454 U.S. 883 (1981), constitutional issues must be raised before an administrative agency even if the agency lacks the power to resolve them. The parties to an administrative proceeding must not only raise constitutional issues before the agency but "all efforts should be directed toward developing a record that is as complete as possible in order to facilitate subsequent judicial review of the record under [sec. 227.57, Stats.]." *Omernick*, 100 Wis. 2d at 248, 301 N.W.2d at 444; *see also Linse v. LIRC*, 135 Wis. 2d 399, 405 n.1, 400 N.W.2d 481, 484 n.1 (Ct. App. 1986) ("A constitutional issue must be raised and the record developed before the agency, even if the agency has no power to decide the issue.").

We conclude that the order appealed from must be reversed and the circuit court directed to vacate its order. The exclusive statutory judicial remedy was not followed. The circuit court therefore lacked subject matter jurisdiction in the action before it.

■ No doubt prompted by our July 9, 1992, order vacating the circuit court's order prohibiting and enjoining the school district from conducting the July 14, 1992, election, appellants move for an early remittitur of the record. We deny the motion. Remittitur is controlled by Rule 809.26, Stats.[1] Perhaps the supreme court may shorten the time but it is doubtful whether the court of appeals may do so. When our opinion on the merits is released, an aggrieved party has the right to petition the Wisconsin Supreme Court for review of our opinion and order. Rule 809.62, Stats. If we have the power to shorten the time, we decline to apply it. For us to shorten the time would interfere with the power of the supreme court to review our mandate and with an aggrieved party's right to seek further appellate relief.

*By the Court.*—Order reversed and matter remanded with directions to dismiss the complaint; motion denied.

SUNDBY, J. *(concurring)*. I am reluctant to base our decision upon the plaintiffs' failure to appeal from the decision of the Elections Board.[2] Nonetheless, I con-

---

[1] Rule 809.26, Stats., provides:

(1)  The clerk of the court shall transmit to the trial court the judgment and opinion of the court and the record in the case filed pursuant to s. 809.15 31 days after the filing of the decision of the court. If a petition for review is filed pursuant to s. 809.62, the transmittal is stayed until the supreme court rules on the petition.

(2)  If the supreme court grants a petition for review of a decision of the court of appeals, the supreme court upon filing its decision shall transmit to the trial court the judgment and opinion of the supreme court and the complete record in the case unless the case is remanded to the court of appeals with specific instructions.

[2] Whether one aggrieved by a statute, ordinance or rule may

cur in the court's decision that the recall election shall be allowed to proceed and the circuit court's decision must be reversed.

The plaintiffs attack the recall statute, sec. 9.10(4), Stats., on grounds that the statute denies them equal protection of the law. They point to the fact that the legislature has provided a procedure for the recall from state, county, congressional, legislative and judicial offices which is different from the procedure provided for the recall from a city, village, town or school district office. Plaintiffs claim that, as school district officials, they are denied the equal protection of the law because sec. 9.10(4) does not provide them with the same protections given to other public officers subject to recall. The plaintiffs point, for example, to the failure of the legislature to provide for judicial review of the school clerk's certificate of the sufficiency of recall petitions, while that protection is available to other officers under sec. 9.10(3)(bm), Stats.

I conclude that the equal protection clauses of the federal and state Constitutions do not extend to the creation and operation of local units of government, including school districts. "The residents and taxpayers have no vested inviolable rights in school district government." *Zawerschnik v. Joint County School Comm.,* 271 Wis. 416, 436, 73 N.W.2d 566, 577 (1955).

In *Curry v. Portage,* 195 Wis. 35, 217 N.W. 705 (1928), a police chief claimed expenses for successfully

---

attack the regulation in an independent action or must make the initial attack before the administrative agency involved is subject to two lines of cases. *Compare Master Disposal, Inc. v. Village of Menomonee Falls,* 60 Wis. 2d 653, 659, 211 N.W.2d 477, 480 (1973) and *Omernick v. DNR,* 100 Wis. 2d 234, 246-249, 301 N.W.2d 437, 443-45 (1981). *See also YMCA of Beloit v. DOR,* 141 Wis. 2d 907, 915-917, 417 N.W.2d 39, 43-44 (Ct. App. 1987).

defending against proceedings before the police and fire commission. The applicable statute provided that "the council may provide for payment to such official such sum as it sees fit . . .." *Id.* at 37, 217 N.W. at 706. The police chief contended that the statute, being permissive, was unconstitutional because it did not assure equal treatment to all public officers incurring such litigation expenses. The court responded as follows:

> To the point that the law does not guarantee that all public officers shall be treated alike, and that the common council may reimburse some, and withhold such reimbursement from others, it is only necessary to say that the law does not confer a right to such reimbursement upon any public officer. The law simply confers upon common councils the same discretion which the legislature has always exercised. The law confers a discretionary power upon the council and does not grant a right to the officer. *If such power be misused it calls for political, and not legal, remedies.*

*Id.* at 41, 217 N.W. at 707 (emphasis added).

It has been uniformly held that the legislature is free to deal with the formation of school districts as it pleases, subject only to the Wisconsin Constitution. *See School Dist. v. Callahan,* 237 Wis. 560, 297 N.W. 407 (1941). I conclude that that power includes the power to prescribe how school districts shall be managed and for the removal and recall of any person from a school district office. At oral argument, plaintiffs conceded that the legislature did not have to provide for the recall of elected school board members. It has chosen to do so in sec. 9.10(4) and (7), Stats. However, the legislature is free at any time to take away that right because the right of recall of a school district officer is not conferred by the Wisconsin Constitution. Having this power, I conclude

that the legislature may provide whatever procedure it chooses for the recall of elected school board officials. If the equal protection claim applies, it only requires that all school board officials be treated alike.

Volume 63A of AMERICAN JURISPRUDENCE 2d, *Public Officers and Employees,* § 188 (1984) states:

> Statutory provisions for the recall of public officers have been generally upheld as against objections on constitutional grounds . . . . [I]t has been held that this method of removal . . . does not amount to a denial of due process of law . . . . Moreover, claims that recall would be cruel and inhuman punishment of the recalled officer and that an officer's right to hold office for a full term is a vested property right have been rejected as frivolous.

In 4 McQuillin, MUNICIPAL CORPORATIONS § 12.151, at 311 (rev. 3d ed. 1968), the question of removal by recall is discussed at length. This discussion is noted and incorporated in *Beckstrom v. Kornsi,* 63 Wis. 2d 375, 384, 217 N.W.2d 283, 288 (1974). McQuillin is quoted: "In theory and in fact municipal government by recall of officers presents purely political issues to the electors. The procedure is neither a judicial, quasi, or semijudicial inquiry." *Id.* at 384, 217 N.W.2d at 288.

If the plaintiffs are protected by the equal protection clauses, I conclude that the legislative classification which treats the recall of municipal and local school officers differently from the recall of other officers has a rational basis. "A party challenging a statute on equal protection grounds must demonstrate beyond a reasonable doubt that the legislative choice is without a rational basis." *Wisconsin Wine & Spirit Inst. v. Ley,* 141 Wis. 2d 958, 963–64, 416 N.W.2d 914, 917 (Ct. App. 1987).

We apply a five-part test for reviewing equal protection challenges to classification schemes. *Id.* at 966–67, 416 N.W.2d at 918. As applied to this case, the plaintiffs must establish beyond a reasonable doubt that the classification selected by the legislature is not based upon a substantial distinction between local government offices and state, county, congressional, judicial and legislative offices. Equal protection is denied only where the legislature has made an irrational or arbitrary classification. *Milwaukee Brewers v. DHSS*, 130 Wis. 2d 79, 98, 387 N.W.2d 254, 262 (1986). "Any reasonable basis for the classification will validate the statute." *Id.* at 99, 387 N.W.2d at 263. Reasonable bases for the classification chosen by the legislature are immediately apparent. City, village, town and school district officers are closer to the people than are state, county, legislative and congressional officers. Further, local officials apply hands-on government on a day-to-day basis. Therefore, it was reasonable for the legislature to place in the path of recall of such local officials as few impediments as possible. I conclude that sec. 9.10(4), Stats., is constitutional and the decision of the trial court to the contrary must be reversed.