(110 App. Div. 44)

KANE v. McCLELLAN, Mayor, et al.

(Supreme Court, Appellate Division, Second Department.   December 29, 1905.)

MUNICIPAL CORPORATIONS—OFFICERS — PROCEEDINGS AGAINST — REIMBURSE-
    MENT FOR EXPENSES.
        Greater New York Charter, Laws 1901, p. 103, c. 466, § 231, authoriz-
    ing the board of estimate and apportionment to audit and allow as charges
    against the city the reasonable costs and expenses incurred by any com-
    missioner or city magistrate who shall successfully defeat proceedings
    to remove him from office or prosecutions for malfeasance in office, is
    constitutional and valid.

Appeal from Special Term, Kings County.

Application by James Kane for a peremptory writ of mandamus
against George B. McClellan, as mayor of the city of New York, and
others, composing the board of estimate and apportionment of the city
of New York.   From an order granting a peremptory writ, defend-
ants appeal.   Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-
WARD, JENKS, and RICH, JJ.

James D. Bell (P. E. Callahan, on the brief), for appellants.
William J. Carr, for respondent James Kane.

WILLARD BARTLETT, J.   From January 1, 1898, to December
31, 1901, the petitioner, James Kane, was the commissioner of sewers
of the city of New York.   During his term of office a criminal action
was instituted against him upon an indictment for official malfeasance
for having violated section 1551 of the Greater New York Charter
(Laws 1901, p. 641, c. 466).   The petition was successful in his de-
fense; it being determined by the Trial Term of the Supreme Court
in Kings county, by the Appellate Division in the Second Department,
and by the Court of Appeals that the facts alleged in the indictment did
not constitute a crime or a violation of the said section of the charter.
In the course of his defense the petitioner incurred and paid costs,
counsel fees, and expenses, the reasonable amount of which he alleges
to have been $3,500.   He subsequently requested the board of estimate
and apportionment of the city of New York to audit and allow to him
the reasonable costs, counsel fees, and expenses paid and incurred by
him as aforesaid; but the said board refused to act in the premises on
the ground that section 231 of the Greater New York Charter, upon
which the petitioner's claim was based, was unconstitutional and void.
The petitioner thereupon instituted the present proceeding to obtain
a peremptory writ of mandamus, commanding the board of estimate and
apportionment to consider and determine his claim and audit and allow
his reasonable costs, counsel fees, and expenses paid and incurred as
aforesaid.   The application was granted, and from the final order
granting the same the members of the board of estimate and apportion-
ment have taken this appeal.

Section 231 of the Greater New York Charter, upon which the peti-
tioner's claim is based, reads as follows:

"The board of estimate and apportionment is hereby authorized to audit and
allow, as charges against the city, the reasonable costs, counsel fees and ex-

penses paid or incurred, or which shall hereafter be paid or incurred by any commissioner, city magistrate or police justice who shall have been a successful party in any proceedings or trial to remove him from office, or who shall bring or defend any action or proceeding, in which the question as to his title to office is in any way presented, or involved, or in which it is sought to convict him, or to review or prohibit any such removal or to obtain possession of his office, or by any commissioner for the proper presentation and justification of his official conduct before any body or tribunal lawfully investigating the same, and not officially recommending his removal from office. The board of estimate and apportionment and the board of aldermen are hereby authorized and directed to cause to be included in the budget for the year following such audit, and amount sufficient to pay the revenue bonds directed to be issued by the said comptroller pursuant to section one hundred and eighty-eight of this act, with all interest due or to become due thereon."

In Matter of Jensen, 44 App. Div. 509, 60 N. Y. Supp. 933, this court was called upon to consider the validity of a statute providing for the payment of a city, county, or state officer out of the city, county, or state treasury, the reasonable counsel fees and expenses incurred by him in successfully defending a proceeding to remove him from office or a prosecution for a crime alleged to have been committed in the performance of his official duties, where the statute was wholly retrospective in its operation; the purpose of the legislation being merely to sanction the payment of money out of the public treasury on account of occurrences wholly past before the legislation took effect. The statute there under consideration was unanimously condemned by this court as unconstitutional. In that case the duty fell to me to write the opinion of the court, which received the concurrence of my associates, and the following extract from the opinion will show that the condemnation of the statute there adjudged to be unconstitutional rested chiefly on the retrospective character of the legislation, and that the court did not decide and was careful not to intimate that prospective legislation, having a like purpose in view, might not be valid:

"A different question would arise in considering legislation for the reimbursement of innocent parties in criminal prosecutions, if the legislation were wholly prospective in its operation, instead of relating (as does the act of 1899) only to past cases where the expenses were incurred without any assurance that the state would make them good. The purpose that we have to deal with here, and which seems to me to lack the public character necessary to sustain valid taxation, is a purpose to pay money on account of occurrences wholly past before the legislation took effect, which imposed no legal or moral obligation on the state at the time they happened, and from which the state received no conceivable benefit. It may be that purely prospective legislation announcing the intention of the state to pay such expenses incurred in future cases would be deemed expressive of a public purpose, and that the assurance thus given might be regarded as creating such an obligation as to relieve the subsequent payment from the objection that it was a mere gratuity. These questions, however, we are not called upon to decide now."

The decisions bearing upon the general subject presented by this appeal were so fully considered and reviewed in the Jensen Case that it is quite unnecessary to discuss them again here. For the disposition of the present appeal, it is sufficient simply to state our reasons for the conclusion that a statutory enactment providing in advance for the reimbursement to a public officer of the reasonable expenses actually incurred by him in defending himself against a criminal prosecution based upon a charge of official misconduct is within the constitutional power of the Legislature, and not forbidden by any express or

implied prohibition contained in the fundamental law of the state. The conditional promise to reimburse contained in such statute may be regarded as a part of the compensation which the state, city, or town, as the case may be, stipulates that the officer shall receive in return for the services to be by him rendered. In this sense the purpose to be subserved is a public purpose, just as is the purpose in view in providing a specified salary; that is to say, the procurement of suitable and qualified persons to discharge the duties of the office. It is quite conceivable that a man who would otherwise hesitate or refuse to undertake the duties of a public office for the pecuniary compensation attached thereto by law might be most willing to do so if assured in advance that he would not himself be compelled to pay out of his own pocket for the successful refutation before a criminal court of an unjust accusation affecting his official probity and conduct, and the assurance against such a liability, which is virtually provided by the charter provision under consideration here, might well operate with many persons as an inducement to enter the public service. In this view such legislation seems promotive of the general welfare, and in no sense objectionable. For this reason, irrespective of any other arguments which might be advanced in support of the validity of this legislation, we regard it as constitutional, and therefore conclude that the order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.