JAMES F. GAVIN, a Taxpayer of the County of Rensselaer, Appellant, v. THE BOARD OF SUPERVISORS OF RENSSELAER COUNTY et al., Respondents.

Public officers — repayment of costs and expenses incurred by public officer in successfully defending himself against charges of misconduct — constitutionality of the statute (County Law, § 240, subd. 16) providing therefor.

1. Subdivision 16 of section 240 of the County Law (Cons. Laws, chap. 11), which provides that " The reasonable costs and expenses in proceedings before the governor for the removal of any county officer upon charges preferred against him, including the taking and printing of the testimony therein," are proper charges against a county, does not offend against the Constitution.

2. There is no greater objection to the payment of the costs and expenses incurred by a public officer in defending himself against charges of misconduct than there is to the payment of the costs and expenses incurred in the prosecution of such charges. Hence, where a sheriff defended himself against charges of official misconduct presented to the governor, which charges were dismissed, the board of supervisors of his county properly allowed the expenses incurred by him in such defense.

*Gavin* v. *Board of Supervisors*, 174 App. Div. 900, affirmed.

(Submitted June 15, 1917; decided July 11, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 10, 1916, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term without a jury.

The action was brought by the plaintiff as a taxpayer

of the county of Rensselaer against the county, its board of supervisors, sheriff and county treasurer, to prevent a waste of the county funds through the illegal action of the defendants.

It appears that in January, 1914, charges were presented to the governor of the state against the defendant Henry W. Snell, sheriff of Rensselaer county, alleging misconduct on his part and asking for his removal from office as sheriff. The defendant Snell successfully defended himself against the charges so made and on November 9, 1914, the charges were dismissed by the governor. In defending himself the sheriff incurred expenses for attorney's fees and disbursements, amounting to $3,546.91. Thereafter he presented to the board of supervisors a claim for such expenses. The board allowed the claim and issued a warrant for the amount thereof, drawn upon the defendant John L. Bame, county treasurer, which warrant the county treasurer paid. The relief asked for by the plaintiff is that the action of the several defendants in allowing, paying and receiving the amount of the sheriff's claim against the county be declared illegal and void, and that the defendants Snell and Bame be required to repay to the county the money which Snell received. The trial court dismissed the complaint and the judgment of dismissal was affirmed by the Appellate Division.

*Thomas F. Galvin* for appellant. Payment of the expenses of a public officer in successfully defending himself against removal would be founded on no moral obligation and hence would be a mere gratuity. The provision of the County Law making the expenses in proceedings before the governor for the removal of any county officer county charges, means only the expenses of prosecution which would be constitutional, and does not mean the expenses of defending which would be unconstitutional. (*People ex rel. Nash* v. *Supervisors,*

164 App. Div. 91; *Matter of Chapman* v. *City of New York*, 168 N. Y. 80; *Matter of N. Y., L. E. & W. R. Co.*, 98 N. Y. 447; *Dubuc* v. *Lazelle, Dalley & Co.*, 182 N.Y. 486; *Holcombe* v. *Leavitt*, 69 Misc. Rep. 235; *People ex rel. Rodgers* v. *Coler*, 166 N. Y. 1; *M. Nat. Bank* v. *Shinn*, 163 N. Y. 360.) The reimbursement of the defendant Snell for his counsel fees and expenses, paid in defending himself in a proceeding to remove him from the office of sheriff, was a mere gratuity, was contrary to the prohibition contained in the Constitution and was illegal. (*Matter of Chapman* v. *City of New York*, 168 N. Y. 80; *Matter of Fallon*, 28 Misc. Rep. 748; *Matter of Labrake*, 29 Misc. Rep. 87; *Matter of Jensen*, 44 App. Div. 509; *Matter of Straus*, 44 App. Div. 425.) The County Law does not authorize the payment of the expenses of defending a public officer and the audit of the claim of the defendant Snell by the board of supervisors and the payment of said claim to the defendant Snell by the county treasurer was illegal. (*Matter of Chapman* v. *City of New York*, 168 N. Y. 80; *People ex rel. Nash* v. *Board of Supervisors*, 164 App. Div. 89.)

*Herbert F. Roy* for board of supervisors of Rensselaer county et al., respondents. The audit of the personal expenses of Henry W. Snell in defending himself against charges was not a proper and legal county charge, either for audit by the board of supervisors or for payment by the county treasurer. (Const. of N. Y. art. 8, § 10; *People ex rel. Nash* v. *Bd. of Suprs.*, 164 App. Div. 89.)

*Frank E. McDuffee* for Clarence A. Chaloner et al., as administrators of the estate of Henry W. Snell, deceased, et al., respondents. The word "proceedings," as used in the County Law, in the expression, "proceedings before the governor for the removal of any county officer," etc., means and includes the whole matter of the removal; that portion relating to the respondent as well

as the portion relating to the relator. (*Morewood* v. *Hollister*, 6 N. Y. 309; *People* v. *City of Brooklyn*, 49 Barb. 136; *Wilson* v. *Allen*, 3 How. Pr. 368; *Gordon* v. *State ex rel. Border*, 4 Kans. 489; *A., T. & S. F. R. Co.* v. *Brossfield*, 32 Pac. Rep. 814; *Hopewell* v. *State*, 22 Ind. App. 489; *Uhe* v. *C., M. & S. P. Ry. Co.*, 54 N. W. Rep. 563; *Yeagen* v. *Wright*, 112 Ind. 235.) The history of this provision of the County Law, and the cases decided thereunder, show plainly that it was the legislative intent, which has met the approval of the courts, that the costs and expenses intended to be made a county charge were those of respondents as well as those of relator. (*People ex rel. Benedict* v. *Supervisors*, 24 Hun, 413; *People ex rel. Smart* v. *Supervisors*, 66 App. Div. 66; *People ex rel. Nash* v. *Supervisors*, 164 App. Div. 89.)

CUDDEBACK, J. The defendants justify the payment of the sheriff's claim against the county under the provisions of section 240 of the County Law (Cons. Laws, ch. 11). That section enumerates the charges that are proper against the county and in the sixteenth subdivision it says: " The reasonable costs and expenses in proceedings before the governor for the removal of any county officer upon charges preferred against him, including the taking and printing of the testimony therein."

It is contended on the part of the plaintiff that this provision of the County Law applies only to the costs and expenses of prosecuting the charges and does not include the costs and expenses of the officer in defending himself. The words of subdivision 16 are certainly broad enough to include the costs and expenses of the county officer in defending himself.

The application of the County Law to the case at bar will more clearly appear on a brief reference to the origin of subdivision 16, section 240. By chapter 323, Laws of

15

1874, the legislature made an appropriation to pay the costs and expenses incurred by the sheriff of Clinton county in proceedings taken to remove him from office, which he successfully resisted. The act then proceeded as follows: "Hereafter in all proceedings before the governor for the removal of any county officer upon charges preferred against him, all the costs and expenses thereof, including those of taking and printing the testimony therein, shall be a county charge," etc.

This provision of the act of 1874 was subsequently placed without material change in section 240 of the County Law. (*People ex rel. Benner* v. *Board of Supervisors, Queens Co.*, 39 Hun, 442.)

Unless the provision of the County Law offends against section 10, article 8 of the Constitution it would seem to fully sustain the action of the board of supervisors and the other defendants in paying the amount of the sheriff's costs and expenses.

Section 10, article 8 of the Constitution is the familiar section which provides that no county, city, town or village shall give any money or property, or loan its credit to or in aid of any individual, nor shall any county, city, town or village incur any indebtedness, except for county, city, town or village purposes. It has been frequently held under this prohibition that statutes which direct counties and other municipalities to pay the costs and expenses *theretofore* incurred by a public officer in defending himself upon charges of misconduct presented to the governor or other official having the power of removal are invalid, and that such costs and expenses are not proper charges against the county or other municipality.

But in *Matter of Jensen* (44 App. Div. 509) Justice WILLARD BARTLETT, who wrote the opinion, said: "A different question would arise in considering legislation for the reimbursement of innocent parties in criminal prosecutions, if the legislation were wholly prospective in its operation. * * * It may be that purely prospective

legislation, announcing the intention of the state to pay such expenses incurred in future cases would be deemed expressive of a public purpose." (p. 517.)

The court had at that time under consideration chapter 700, Laws of 1899, which had relation to a successful defense theretofore made by a public officer to proceedings taken for his removal from office, or to an action charging him with crime in connection with his official duties. The court there denied the petitioner's application for relief.

In *Matter of Kane* v. *McClellan* (110 App. Div. 44) the same justice was considering section 231 of the charter of the Greater City of New York, which provided that the board of estimate and apportionment was authorized to audit and allow as charges against the city the reasonable costs and expenses incurred by any commissioner, city magistrate or police justice in proceedings to remove him from office. The learned justice referred to his former opinion in the *Jensen* case, and continued, "The conditional promise to reimburse contained in such statute may be regarded as a part of the compensation which the state, city or town, as the case may be, stipulates that the officer shall receive in return for the services to be by him rendered." (p. 47.)

The court in the *Kane* case unanimously decided that section 231 of the city charter was not unconstitutional in so far as it was not retroactive. In *Matter of Deuel* v. *Gaynor* (141 App. Div. 630) the court again held on the authority of the *Kane* case that section 231 of the charter was constitutional as applied to expenses incurred and rights arising after the law was passed.

There is no greater objection to the payment of the costs and expenses incurred by a public officer in defending himself against charges of misconduct than there is to the payment of the costs and expenses incurred in the prosecution of such charges. When authorized in advance the payment of the costs and expenses of the successful

party to a litigation is not a gift to him, but a recompense for loss actually sustained.

It follows that subdivision 16, section 240 of the County Law does not offend against the Constitution. It might be well to fix the items of the costs and expenses that may be allowed under the section, as is done in civil actions, so as to prevent the recovery of fanciful and excessive claims, but that is a matter for the legislature.

I recommend that the judgment appealed from be affirmed, with costs to respondent Henry W. Snell.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.