In the Matter of LOUIS A. GUARINO et al., Appellants, against ROBERT G. ANDERSON et al., as Supervisors of the County of Nassau, Respondents.

94

*Frederic White Shepard* for appellants. Section 240, subdivision 18, of the County Law is constitutional. (*Farrington* v. *State*, 248 N. Y. 112; *People ex rel. Gagan* v. *Purdy*, 173 App. Div. 350.) The petition states a valid claim under the first part of subdivision 18 of section 240 which provides for expenses lawfully incurred by a county officer in defending an action brought against such officer, for an official act done pursuant to law. (*Matter of Uterhart*, N. Y. Law Journal, Jan. 29, 1927, p. 1939; *Levy* v. *Wiedersum*, N. Y. Law Journal, June 1, 1927, p. 1067; *Thorne* v. *Wiedersum*, N. Y. Law Journal, Feb. 3, 1930, p. 2247; *Matter of Ryan* v. *City of New York*, 228 N. Y. 16.) Petitioners would be entitled to a peremptory mandamus even though their claims should be held to fall in the second class and the making of such claims a county charge should be held to be within the discretion of the respondents. (*People ex rel. Dady* v. *Prendergast*, 203 N. Y. 1; *People ex rel. Lewis* v. *Fowler*, 229 N. Y. 84.)

*H. Stewart McKnight, County Attorney* (*Fred Ingraham* of counsel), for respondents. Article VIII, section 10, of the New York Constitution prohibits the Board of Supervisors from expending county funds except for

county purposes. (*Kilroe* v. *Craig*, 208 App. Div. 93; *Matter of Chapman* v. *City of New York*, 168 N. Y. 80; *Sun Publishing Assn.* v. *Mayor*, 152 N. Y. 257.)

CRANE, J. The County Law (Cons. Laws, ch. 11), section 240, enumerating county charges, provides in subdivision 18 as follows: " All damages recovered against, or costs and expenses lawfully incurred by a county officer in prosecuting or defending an action or proceeding brought by or against the county or such officer, for an official act done, when such act was done, or such action or proceeding was prosecuted or defended pursuant to law, or by authority of the board of supervisors; and any such damages so recovered, or costs and expenses incurred by any such officers, for any act done in good faith in his official capacity, without any such authority, may be made a county charge by a majority vote of all the members elected thereto."

On the 6th day of November, 1930, August Thiede and Silas Foster, members of the police force of Nassau county, were indicted for the crime of omission of duty in that they failed to report a certain alleged public nuisance which the indictment stated had been maintained in said county.

The law firm of Guarino & Mulry were retained by these officers to defend them, and the indictments were subsequently dismissed. The lawyers presented a claim of $3,200 for counsel fees to the Board of Supervisors of Nassau county, and demanded an audit thereof, pursuant to the provisions of the County Law, above quoted. The Board having failed to act, an order of mandamus was sought of the Special Term of the Supreme Court, the denial of which has been affirmed by the Appellate Division on the ground that the County Law in this particular is unconstitutional, citing *Matter of Chapman* v. *City of New York* (168 N. Y. 80).

In so far as the Legislature attempts to give away or authorize the appropriation of public moneys for expenses

theretofore incurred by a public officer in defending himself against false accusations, the act is unconstitutional. This does not, however, follow when the act of the Legislature is not retroactive, but prospective — speaks for the future — so that an officer holds and continues his position not only for the compensation provided by law, but also with the assurance of the legislative act that he will be compensated for the expense of defending himself against accusations growing out of his official duties. (*Gavin* v. *Board of Supervisors*, 221 N. Y. 222; *Matter of Kane* v. *McClellan*, 110 App. Div. 44.)

While we agree with the result reached by the lower courts in denying the mandamus in this case, we do so upon the ground that the claim is not one which the Board of Supervisors have any authority to audit. Neither the courts nor the Board of Supervisors have any power to audit or allow a claim against a county, which is not authorized by law. (*Matter of Tinsley*, 90 N. Y. 231; *People ex rel. Merritt* v. *Lawrence*, 6 Hill, 244.) The section of the County Law (240) above quoted makes no provision for such claims as were presented by the petitioning lawyers for the police officers, and the Board was, therefore, under no duty to pass upon or audit them. When claims are proper charges against a county, a Board of Supervisors may be compelled by mandamus to exercise its judgment in allowing the amount in whole or in part, or else in rejecting it altogether. (*New York Catholic Protectory* v. *Rockland County*, 212 N. Y. 311; *Smith* v. *Hedges*, 223 N. Y. 176; *Chase* v. *Saratoga County*, 33 Barb. 603; *People ex rel. Benedict* v. *Board of Supervisors of Oneida County*, 24 Hun. 413.) The Board, however, need pass upon no claims which under no circumstances can be made county charges. The authority of the Board is derived from this section of the County Law as applicable to officials who have been prosecuted. It reads: " All * * * costs and expenses lawfully incurred by a county officer in * * * defending an

action brought * * * against * * * [him] for an official act done * * * pursuant to law, or by authority of the board of supervisors." August Thiede and Silas Foster incurred no expense in defending an action brought against them for an official act done pursuant to law or pursuant to the authority of the Board of Supervisors.

The next phrase of the section permits the county to reimburse an officer for the cost and expenses incurred for any act done in good faith in his official capacity without any such authority. That is, if the officer is prosecuted for an act which he performed, pursuant to law or the authority of the Board of Supervisors, or if he acted in good faith, but without such warrant of law or authority from the Board of Supervisors, believing, however, that he acted lawfully, he may get his expenses if he be prosecuted for such an act. Every prosecution of a police officer or county official is not covered by this section. The expenses incurred in defending a prosecution or action relate to those which are brought against him for the duties which he performed as an official according to law, or the authority of the Board of Supervisors, or in the honest belief that his duties which he performed were in accordance with law or authority. The statute does not cover expenses incurred in defending indictments for dereliction of duty, for failure to act or doing things in bad faith. In so far as *Matter of Uterhart* (144 Misc. Rep. 188); *Levy* v. *Wiedersum* (144 Misc. Rep. 83), and *Thorne* v. *Wiedersum* (N. Y. Law Journal, Feb. 3, 1930) are in conflict with what is here written, they are not to be followed.

The order should be affirmed, with costs.

POUND, Ch. J., LEHMAN, HUBBS and CROUCH, JJ., concur; KELLOGG and O'BRIEN, JJ., not sitting.

Order affirmed.