Requestor: Timothy M. Bulger, Esq., Village Attorney Village of Greenwich 18 Hill Street Greenwich, New York 12834
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a village may offer the legal services of its village attorney to a village official who must defend a criminal action brought against him as a result of acts performed in his official capacity.
You have indicated that your village has provided by local law that it will provide for the defense of an employee in any civil action or proceeding.
The expenditure of village funds for the defense of this official must be consistent with Article VIII, § 1 of the New York State Constitution, which prohibits a gift of public funds for private purposes. We believe that it would be necessary for the village to enact a local law, authorizing village defense of criminal charges against its employees, prior to incurring of expenses by the official. You have indicated that while the village has enacted a local law providing for defense of officials, it is limited to defense in civil actions or proceedings. Thus, there is no existing authorization for the expenditure offunds for the criminal defense of the subject official.
It is well settled that in the absence of legal liability, a municipality or the State may not pay a claim unless it is in fulfillment of a moral obligation. Matter of Chapman v City of New York, 168 N.Y. 80, 84-85
(1901); Rosalsky v State of New York, 254 N.Y. 117, 120-121 (1930). Defending oneself against charges of misconduct at one's own expense is a risk traditionally associated with assumption of public office. Corning vLaurel Hollow, 48 N.Y.2d 348 (1979). The public owes no duty to defend or even aid in defense of such a charge. Ibid. Similarly, unless without the means of doing so, a person prosecuted for a crime is required to pay his own expenses. Chapman, 168 N.Y. 80, 85 supra. Under limited circumstances, a claim may be paid based upon a moral obligation.Farrington v State, 248 N.Y. 112 (1928).
In Corning v Laurel Hollow, 48 N.Y.2d 348, supra, the Court of Appeals described the need for a legal obligation as the basis for a municipality to defend or pay for defense of its officials.
 "On an even more fundamental level, any payment by the village to plaintiffs for their previously incurred costs would run afoul of the constitutional prohibition against gifts of public funds to assist a purely private purpose (NY Const, art VIII, § 1). Well settled is the proposition that a municipality may expend its funds only to meet its lawful obligations incurred as a result of the performance of its governmental functions (Union Free School Dist. v Town of Rye, 280 N.Y. 469, 474). Conversely, a governmental entity may not compensate a person who performs an act which the government had no duty to undertake (Matter of Guarino v Anderson, 259 N.Y. 93, 95-96).
 "One of the risks traditionally associated with the assumption of public office is that of defending oneself against charges of misconduct at one's own expense (Matter of Chapman v City of New York, 168 N Y 80, 85-86). The public owes no duty to defend or even aid in the defense of such a charge. As was said in Matter of Chapman (supra), at p 86: `Whoever lives in a country governed by law assumes the risk of having to defend himself without aid from the public, against even unjust attempts to enforce the law, the same as he assumes the burden of taxation . . . Asking for aid to pay the expenses of a defense already made from one's own resources, is like asking for aid in the payment of taxes or the discharge of any public burden. It is not a city or county purpose, but a mere gift' (see, also, Leo v Barnett, supra; Buckle v City of New York, 289 N.Y. 742, affg 264 App. Div. 116; Matter of Guarino v Anderson, supra; Matter of Kilroe v Craig, 238 N.Y. 628, affg 208 App. Div. 93; 17 Opns St Comp, 1961, p 125; 12 Opns St Comp, 1956, p 479)." Corning, 48 N.Y.2d 348, 353, supra.
The Court of Appeals proceeded to indicate that a municipality may enact local legislation providing for defense of its officials.
 "This is not to question the power of the municipality to enact an ordinance empowering it to defend its officials who in the future may be charged with violating the law in the performance of their duties. Such a considered policy decision would raise no constitutional objections, for the cost of the defense would simply be considered additional remuneration (Matter of Guarino v Anderson, supra, at pp 95-96; Matter of Deuel v Gaynor, 141 App. Div. 630, 631-632). But plaintiffs point to no statute or ordinance empowering the village, in the discretion of its governing body, to assume the responsibility of their defense. Rather, they seek an order declaring that the village must reimburse them for expenses previously incurred — expenses which vindicated their interests alone. It is precisely this result which our Constitution prohibits." Corning, 48 N.Y.2d 348, 354 supra; emphasis added.
In a more recent decision, the Appellate Division cited Laurel Hollow in finding that payment of defense costs of a municipal official is appropriate where there is a "prior legal obligation". Security and LawEnforcement Employees v County of Albany, 96 A.D.2d 976 (3d Dept 1983).
In our view, the local legislation authorizing payment of defense costs in a criminal charge must be "wholly prospective in its operation".Matter of Jensen, 44 App. Div. 509, 517-518 (2d Dept 1899); Matter ofKane v McClellan, 110 App. Div. 44, 46-48 (2d Dept 1905); Matter ofGuarino v Anderson, 259 N.Y. 93, 95-96 (1932).
In Jensen, the Appellate Division described legislation meeting constitutional requirements:
 "A different question would arise in considering legislation for the reimbursement of innocent parties in criminal prosecutions, if the legislation were wholly prospective in its operation, instead of relating (as does the act of 1899) only to past cases where the expenses were incurred without any assurance that the State would make them good. The purpose that we have to deal with here, and which seems to me to lack the public character necessary to sustain valid taxation, is a purpose to pay money on account of occurrences wholly past before the legislation took effect, which imposed no legal or moral obligation on the State at the time they happened, and from which the State received no conceivable benefit. It may be that purely prospective legislation announcing the intention of the State to pay such expenses incurred in future cases would be deemed expressive of a public purpose, and that the assurance thus given might be regarded as creating such an obligation as to relieve the subsequent payment from the objection that it was a mere gratuity." Jensen, 44 App. Div. 509, 517, supra; emphasis supplied.
In Kane, the Appellate Division described such an authorizing statute, providing for payment of defense costs, as a part of the compensation payable to an official in return for services rendered by him. Kane,110 App. Div. 44, 47-48, supra. Such a provision serves the purpose of inducing persons to enter or remain in public service by assuring them in advance that they will be provided the costs of successful defense of a criminal action. Ibid.
 "The conditional promise to reimburse contained in such a statute may be regarded as a part of the compensation which the State, city or town, as the case may be, stipulates that the officer shall receive in return for the services to be by him rendered. In this sense, the purpose to be subserved is a public purpose, just as is the purpose in view in providing a specified salary — that is to say, the procurement of suitable and qualified persons to discharge the duties of the office. It is quite conceivable that a man who would otherwise hesitate or refuse to undertake the duties of a public office for the pecuniary compensation attached thereto by law, might be most willing to do so if assured in advance that he would not himself be compelled to pay out of his own pocket for the successful refutation before a criminal court of an unjust accusation affecting his official probity and conduct; and the assurance against such a liability, which is virtually provided by the charter provision under consideration here, might well operate with many persons as an inducement to enter the public service." Kane, 110 App. Div. 44, 47-48, supra; emphasis added.
We note that the holdings in the above-cited cases do not deal with the precise definition of a "prospective" law. The quoted language from the opinions refers alternately to future charges or claims and to expenses incurred in the future. In our view, the coverage of defense expenses incurred subsequent to enactment of such a local law meets constitutional requirements and serves a proper public purpose under the following circumstances.
We believe defense costs may be provided to public officials as part of the package of benefits constituting the employment arrangement. Thus, in the normal course, this benefit would be provided by a municipality to all of its employees or to an identifiable class of employees. In providing this benefit to its employees prospectively, the municipality receives something in return — the inducement for a person to enter or remain in public service, thereby providing the municipality with its work force. This benefit thereby serves a public purpose. In our view, the provision of this benefit to a single employee, except where a moral obligation is present, would be more difficult to justify. Also, it follows that a local law providing for reimbursement of defense costs incurred after its enactment cannot apply to former employees or officers of a municipality, except where there is a moral obligation. Provision of this benefit to a former official would return no benefit to the municipality and, thus, would serve no public purpose. Such an expenditure would constitute an unconstitutional gift of public funds.
We note that in a prior opinion of this office we found that a local government by local law may authorize the reimbursement of defense costs and litigation expenses of an officer or employee in a criminal action resulting in acquittal or the dismissal of charges. 1988 Op Atty Gen (Inf) 44. Our opinion emphasized that the employee must have been acting within the scope of his public employment or duties. Ibid. Thus, if the employee is found guilty of the criminal charges, reimbursement of legal costs would be inappropriate because, by definition, a criminal act could not have occurred within the scope of the employee's duties. Ibid. A payment with respect to actions by an employee that are outside the scope of his employment would constitute an unconstitutional gift of public funds. Ibid. Further, it is necessary that any such local law be enacted and applicable prior to the incurring of expenses. Otherwise, the expenditure of public funds for defense would be an unconstitutional gift.
We conclude that a municipality may provide for the defense of a public official to a criminal charge for actions taken within the scope of his public duties only if prior to incurring of expenses by the official the village had enacted legislation authorizing the expenditure of funds for defense of its employees. In our view, authorization of the expenditure of public funds subsequent to this time or for former officers or employees would constitute a gift in violation of Article VIII, section 1 of the New York State Constitution.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.