■ ROBERT WEITMAN, Plaintiff, v CITY OF NEW YORK, Respondent, and CHARLES J. FISHMAN, Appellant. [635 NYS2d 591] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about February 18, 1994, which, insofar as appealed from, granted defendant City of New York's cross motion to be relieved as counsel for defendant-appellant, unanimously affirmed, without costs.

The question of whether an employee of the City of New York is entitled to representation under General Municipal Law § 50-k depends on whether the employee was acting within the scope of his or her public employment and is to be decided in the first instance by the Corporation Counsel, whose determination "may be set aside only if it lacks a factual basis", i.e., is "arbitrary and capricious" (*Matter of Williams v City of New York*, 64 NY2d 800, 802). The Corporation Counsel's conclusion that the altercation underlying plaintiff's cause of action for assault was personal in nature and that appellant, a New York City police officer, was therefore not acting within the scope of his employment, had a clear basis in fact in that the alterca-

tion was brought on by a traffic dispute in Suffolk County while appellant was off-duty and on vacation, and plaintiff was never charged with any crime by the responding Suffolk County police (*see, Stavitz v City of New York*, 98 AD2d 529). Furthermore, appellant's interposition of cross claims against the City would raise a conflict of interest were the City to undertake appellant's defense. We have considered appellant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach and Rubin, JJ.