■ In the Matter of Louis DeRespiris, Appellant, v New York City Transit Authority, Respondent. [674 NYS2d 716] —In a proceeding pursuant to CPLR article 78 to compel the respondent to pay the petitioner's legal fees pursuant to Public Officers Law § 18 (3) (b) in connection with his defense in an action entitled *Cellini v DeRespiris*, in the Supreme Court, Westchester County, Index No. 9176/96, as well as the legal fees and disbursements in connection with the instant proceeding, the petitioner appeals from a judgment of the Supreme Court, Kings County (Vinik, J.), dated July 24, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The determination as to whether the petitioner was acting within the scope of his employment is of a factual nature (*see, Riviello v Waldron,* 47 NY2d 297, 303) to be determined in the first instance by the Corporation Counsel of the City of New York (hereinafter the Corporation Counsel), "and [the] determination may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious" (*Matter of Williams v City of New York,* 64 NY2d 800, 802; *see also, Matter of Polak v City of Schenectady,* 181 AD2d 233). The Corporation Counsel's determination here that the petitioner was not acting within the scope of his employment cannot be characterized as irrational in light of the fact, *inter alia,* that the incident which gives rise to the underlying tort action had its origins in a personal dispute which occurred while the petitioner was off-duty and on vacation (*see, Pekarsky v City of New York,* 240 AD2d 645; *Weitman v City of New York,* 222 AD2d 316). Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.