[678 NYS2d 377]

Donald Zimmer, Appellant, v Town of Brookhaven, Respondent.

Second Department, October 5, 1998

## APPEARANCES OF COUNSEL

*Liddle & Robinson, L. L. P.,* New York City (*Jeffrey L. Liddle, W. Dan Boone* and *Allan S. Bloom* of counsel), for appellant.

*Emily Pines, Town Attorney* of Town of Brookhaven, Medford (*Caren L. Loguercio* of counsel), for respondent.

## OPINION OF THE COURT

ROSENBLATT, J. P.

The appellant, Donald Zimmer, claims that the respondent, Town of Brookhaven, is legally obligated to reimburse him for legal expenses that he incurred in defending a Federal criminal prosecution. He was indicted for alleged improprieties under the Hobbs Act (18 USC § 1951) in connection with his duties as a Town of Brookhaven Councilman. The case went to trial and he was acquitted.

Before the Supreme Court, and on this appeal, Zimmer has contended that the Town is under a "prior" or "pre-existing" legal obligation to reimburse him. He characterizes his complaint as asserting a cause of action to recover damages for breach of an "implied-in-fact" contract. He states that after he was indicted, the Town furnished him with an attorney, at no cost to him, but that the attorney withdrew, owing to a conflict of interest. He then engaged his own legal counsel, at his own expense. In his complaint Zimmer has demanded reimbursement from the Town. The Town has refused, even though, Zimmer avers, "the Town indicated to [him] that his legal fees and expenses would be 'taken care of' ".

On the Town's motion, the Supreme Court dismissed the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. We agree with the Supreme Court's determination and affirm the dismissal.

When a public employee looks to the public purse to be defended, compensated, indemnified, or reimbursed in connection with legal proceedings brought against that employee, a number of themes come into play, two of which have been recurrent. On the one hand, there is the long-standing and frequently invoked constitutional prohibition against the use of public moneys for private purposes (NY Const, art VIII, § 1; *Matter of Chapman v City of New York,* 168 NY 80; *Corning v*

*Village of Laurel Hollow,* 48 NY2d 348; *Buckley v City of New York,* 264 App Div 116, *affd* 289 NY 742; *Donahue v Keeshan,* 91 App Div 602, 604). Often balanced against this is the principle that in appropriate cases and under fixed criteria, an employer, including a governmental employer, should stand behind an employee who is sued for acts performed while in the course of a duty for that employer (*see, Howe v Buffalo, N. Y. & Erie R. R. Co.,* 37 NY 297; *Matter of Hogue v Zoning Bd. of Appeals,* 239 AD2d 807; *Matter of Kane v McClellan,* 110 App Div 44; *see also,* Cole, *Defense and Indemnification of Local Officials: Constitutional and Other Concerns,* 58 Alb L Rev 789; 1978 Report of NY Law Rev Commn, 1978 McKinney's Session Laws of NY, at 1605).

Before the State Legislature sought to create comprehensive standards with regard to these sometimes competing interests, a body of case law evolved. Based on the belief that a person who took on public employment was perceived to have also assumed the risks of litigation, the earlier cases evinced an extreme reluctance to impose any obligation on public employers to defend or indemnify their employees (*see, e.g., People ex rel. Underhill v Skinner,* 74 App Div 58; *Donahue v Keeshan,* 91 App Div 602, 604, *supra; see also, Matter of Chapman v City of New York,* 168 NY 80, 86, *supra).* Although this perception gave way to the recognition that defense and indemnification of employees, in proper cases, may be considered an emolument of public service (*see, e.g., Matter of Guarino v Anderson,* 259 NY 93; *Matter of Kane v McClellan,* 110 App Div 44; *Matter of Schulz v Doetsch,* 217 AD2d 861), the public employer's obligation has been construed narrowly, defeating employee claims that did not fall clearly within a particular statutory authorization (*see, e.g., People ex rel. Moss v Board of Supervisors,* 178 App Div 716; *Leo v Barnett,* 48 AD2d 463, *affd* 41 NY2d 879), so as to rest upon a strictly public, as opposed to private, benefit (*see, e.g., Matter of Kilroe v Craig,* 208 App Div 93, 96, *affd* 238 NY 628; *Buckley v City of New York,* 264 App Div 116, *affd* 289 NY 742, *supra).* It was also well settled that any such employee claims needed a pre-existing, legislative basis (*see, e.g., Gavin v Board of Supervisors,* 221 NY 222; *Matter of Deuel v Gaynor,* 141 App Div 630). Because it amounts to a prohibited public gift, a retroactive authorization has been held to fail (*see, Matter of Jensen,* 44 App Div 509; *see generally,* Annotation, *Payment of Attorneys' Services in Defending Action Brought Against Officials Individually as Within Power or Obligation of Public Body,* 47 ALR5th 553;

Annotation, *Validity and Construction of Statute Authorizing or Requiring Governmental Unit to Indemnify Public Officer or Employee for Liability Arising out of Performance of Public Duties,* 71 ALR3d 90).

### THE STATUTORY FRAMEWORK

As various public employees became increasingly exposed to personal litigation, a potpourri of statutes was enacted, designed to protect the employees from individual liability (*see,* 1978 Report of NY Law Rev Commn, 1978 McKinney's Session Laws of NY, at 1605 *et seq.).* The State Legislature took a major step in 1978 by enacting Public Officers Law § 17 (L 1978, ch 466, § 1). Public Officers Law § 17 established standards for the defense and indemnification of State officers and employees against claims arising out of their public employment or duties. The legislation, however, did not reach public employees who were employed by other political subdivisions (such as local governments, school districts, and others). Following another report by the New York State Law Revision Commission (1981 McKinney's Session Laws of NY, at 2315), which advocated uniformity and comprehensiveness, the Legislature undertook to remedy the "piecemeal approach", by enacting defense and indemnification protection for a host of *municipal-type* employees. The Legislature established criteria, and thereby modeled Public Officers Law § 18 after section 17 (Public Officers Law § 18 [L 1981, ch 277, § 1]). With sensitivity as to State mandates, the Legislature gave local governing bodies (such as the Town of Brookhaven) an option by which they could adopt the standardized provisions of Public Officers Law § 18 (*see, Matter of Coker v City of Schenectady,* 200 AD2d 250).

Public Officers Law § 18 (2) (a) and (b) recite that its provisions shall apply to any public entity:

"(a) whose governing body has agreed by the adoption of local law, bylaw, resolution, rule or regulation (i) to confer the benefits of this section upon its employees, and (ii) to be held liable for the costs incurred under these provisions; or

"(b) where the governing body of a municipality, for whose benefit the public entity has been established, has agreed by the adoption of local law or resolution (i) to confer the benefits of this section upon the employees of such public entity, and (ii) to be held liable for the costs incurred under these provisions."

In the case before us it is undisputed that in 1989 the Town enacted Local Law No. 27, by which it adopted Public Officers

Law § 18. Public Officers Law § 18 (3) (a) obligates the Town to: "provide for the defense of the employee in *any civil action or proceeding,* state or federal, arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his public employment or duties" (emphasis supplied).

Following the enactment of Public Officers Law § 18, the courts have compelled public entities to defend and indemnify employees who have met the statutory terms (*see, e.g., Merrill v County of Broome,* 244 AD2d 590; *Matter of Hunt v Hamilton County,* 235 AD2d 758; *Matter of Hogue v Zoning Bd. of Appeals,* 239 AD2d 807, *supra; Umfrey v NeMoyer,* 184 AD2d 1047).*

As the Town correctly points out, Public Officers Law § 18 is limited strictly to cover defense and indemnification procedures in *civil* cases (*see also,* Governor's Approval Mem, 1981 McKinney's Session Laws of NY, at 2579).

On the record before us there is no basis to conclude that the Town has ever adopted any other similar local laws or resolutions to provide for the defense or indemnification of public employees who are the subjects of *criminal* prosecutions. Zimmer has shown us none.

#### DEFENSE AND INDEMNIFICATION FOR CRIMINAL CASES

From the outset, the statutory and decisional law with regard to defense and indemnification for public employees in criminal cases has been highly circumscribed (*see, e.g., Matter of Kilroe v Craig,* 208 App Div 93, *affd* 238 NY 628, *supra).* It has been held that in the absence of a statute authorizing it, there is no obligation on the part of a public employer to reimburse an employee for those expenses (*see, Comins v County of Delaware,* 66 AD2d 931; *Schieffelin v Henry,* 123 Misc 792, 795, *affd* 211 App Div 850). In *Matter of Kane v McClellan* (110 App Div 44, *supra),* reimbursement was authorized under a pre-existing charter provision, provided the employee was acquitted of criminal charges.

Moreover, although Public Officers Law § 19 (2) (a) (L 1982, ch 565) provides for the defense and indemnification of *State*

---

* Conversely, employee claims have been rejected under Public Officers Law § 18 when the criteria have not been met, as where intentional wrongdoing falls outside the scope of duty (*see, e.g., Matter of Coker v City of Schenectady,* 200 AD2d 250, *supra; Rosen & Bardunias v County of Westchester,* 158 AD2d 679, 681; *see also, Matter of Williams v City of New York,* 64 NY2d 800; *Matter of DeRespiris v New York City Tr. Auth.,* 251 AD2d 503).

employees (*see,* Cole, 58 Alb L Rev, *op. cit.,* at 810-811), and refers to criminal case acquittals or dismissals (*see, e.g., Police Benevolent Assn. N. Y. State Troopers v Vacco,* 253 AD2d 920), there is no comparable statutory provision for other governmental or municipal employees (*see,* 1988 Atty Gen [Inf Opn No. 88-6] 44).

Zimmer relies heavily on *Matter of Security & Law Enforcement Empls. (County of Albany)* (96 AD2d 976, *affd* 61 NY2d 965) for the proposition that a public employer may compensate an employee for legal expenses in defense of criminal charges, even in the absence of a pre-existing legislative enactment. In *Security*, however, reimbursement was based on a pre-existing collective bargaining agreement which expressly authorized it. In the case before us, there is no statute, ordinance, resolution, or anything approaching the formalities of a negotiated, pre-existing agreement of the kind that the Third Department relied upon in *Security*.

### CONTRACT IMPLIED-IN-FACT

At most, the allegations in the complaint and in the argument before the Supreme Court appear to rest on informal, vague, unofficial, unrecorded alleged assurances that fall far short of any sort of duly authorized Board or Town action. Zimmer's claim of a prior, pre-existing legal obligation must therefore fail. Even if we take his complaint in the strongest light by crediting his assertion that a Town official or officials gave him assurances that the expenses would "be taken care of", no implied-in-fact contract was created under the circumstances presented, because a contract implied in fact contemplates not assurances or promises but conduct (*see, Parsa v State of New York,* 64 NY2d 143, 148; 1 Williston, Contracts § 1:5, at 18-25 [4th ed]). More importantly, however, in the case before us no official had the authority to bind the Town or, by words or conduct, to enter into a contract to reimburse Zimmer (*see,* Town Law § 64 [6]; *Goldberg v Penny,* 163 AD2d 352). If an official cannot, under these circumstances, commit the Town to an express contract, an implied-in-fact contract is equally untenable (*see, Matter of Penn Cent. Transp. Co.,* 831 F2d 1221, 1229, citing *Sutton v United States,* 256 US 575, 580). Therefore, we affirm the order appealed from, with costs.

O'BRIEN, RITTER and KRAUSMAN, JJ., concur.

Ordered that the order is affirmed, with costs.