Frank J. Phillips, Esq. Informal Opinion Town Attorney No. 2003-16 Town of Stony Point 74 East Main Street Stony Point, New York 10980
Dear Mr. Phillips:
You have asked two questions relating to the Town's authority to reimburse legal fees incurred by town officials and employees in connection with an investigation of the town supervisor regarding alleged official misconduct. The first is whether the legal expenses incurred by the town supervisor, in the event that he is acquitted of criminal charges pending against him, may be reimbursed by the Town. The second is whether a town employee may be reimbursed for legal fees associated with being interviewed or being a witness in the criminal prosecution of the town supervisor. We believe that neither the town supervisor nor town employees interviewed or called as witnesses may be reimbursed for their legal expenses under the circumstances presented.
I. Background
We understand the facts of the situation you describe to be as follows: The town supervisor was the subject of a federal criminal prosecution involving alleged acts of official misconduct. The federal government sought interviews with a number of town employees in connection with the prosecution of the town supervisor, and the employees retained private attorneys to accompany them to these interviews. Similarly, a number of town employees were called to testify before a federal grand jury in connection with the same prosecution, and retained and were accompanied by private attorneys. You also were interviewed and/or testified before a grand jury as a part of the prosecution of the town supervisor. We understand that the town supervisor pled guilty to the charges subsequent to your submission of this request for opinion.
II. Analysis
A. Payment of Legal Expenses for Employee Who is a Defendant in Criminal Case
Public Officers Law § 18 authorizes a municipality to adopt that section, and thereby provide defense and indemnification to its employees. Public Officers Law § 18(2). You have informed us that the Town has adopted section 18 without modification. Section 18 provides that:
 Upon compliance by the employee with [statutorily mandated procedures], the public entity shall provide for the defense of the employee in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his public employment or duties. This duty to provide for a defense shall not arise where such civil action or proceeding is brought by or at the behest of the public entity employing such employee.
Public Officers Law § 18(3)(a). "Employee" is defined to include municipal officers. Id. § 18(1)(b).
A municipality providing defense pursuant to section 18 is limited to providing a defense "in any civil action or proceeding."[1] Id. Thus, by its plain language, section 18 does not authorize the reimbursement of attorney's fees incurred by the town supervisor defending himself against criminal charges. See Zimmer v. Town of Brookhaven, 247 A.D.2d 109, 113
(2d Dep't 1998).
A municipality may, however, enact a local law supplementing the defense and indemnification provisions of section 18. See Public Officers Law § 18(12) ("Except as otherwise provided in this section, benefits accorded to employees under this section shall be in lieu of and take the place of defense or indemnification protections accorded the same employees by another enactment; unless the governing body of the public entity shall have provided that these benefits shall supplement and be available in addition to, defense or indemnification protection conferred by another enactment."); see also, e.g., Op. Att'y Gen. (Inf.) No. 98-4 (local government may supplement provisions of section 18 or replace certain provisions of section 18 with other provisions enacted by local law). The provision of defense for employees may be considered additional remuneration, see Corning v. Village of Laurel Hollow,48 N.Y.2d 348, 354 (1979), and as such, the enactment of local legislation allowing this benefit is authorized by Municipal Home Rule Law § 10(1)(ii)(a)(1) (relating to the compensation of municipal employees). See Op. Att'y Gen. (Inf.) No. 99-33. We have previously concluded that such supplemental protections may include providing reimbursement for legal expenses incurred defending criminal matters where the employee is acquitted of the charges or the charges are dismissed. See Op. Att'y Gen. (Inf.) No. 88-6; cf. In re Kane v.McClellan, 110 App. Div. 44 (2d Dep't 1906) (upholding constitutionality of statute providing for reimbursement to public officer of reasonable expenses incurred in successfully defending himself against criminal prosecution based upon charge of official misconduct).
With respect to the defense costs incurred by the town supervisor in defending the instant prosecution against him, we have previously concluded that payment of legal fees when an employee is found guilty of criminal charges would constitute an unconstitutional gift of public funds because an employee acting criminally is not acting within the scope of his public employment. N.Y. Const., art. VIII, § 1 ("No . . . town . . . shall give . . . any money . . . to or in aid or any individual . . ."); Op. Att'y Gen. (Inf.) No. 88-6; cf. Public Officers Law § 19(2)(a) (State employees criminally charged based on acts which occurred while employee was acting within scope of his employment eligible for reimbursement of legal fees by State upon employee's acquittal or upon dismissal of criminal charges).
Therefore, while we are of the opinion that the Town may enact local legislation that would provide for reimbursement of legal costs incurred by an employee defending himself against criminal charges for acts that occurred within the scope of employment, we are of the further opinion that such legislation could not be applied for the benefit of the town supervisor to reimburse the costs of his defense which culminated in his guilty plea.
B. Payment of Legal Expenses for Employees Who Are Called as Witnesses
You have also asked whether a town employee can be reimbursed for legal fees incurred when the employee is accompanied by a private attorney to be interviewed as part of the investigation of the charges against the town supervisor or when called to testify before a grand jury. We are of the opinion that, in the instant investigation, these expenses may not be reimbursed.
With respect to town employees called as witnesses or being interviewed in connection with the prosecution of the town supervisor, section 18 authorizes the defense of a municipal employee in a civil proceeding. A potential or actual witness who is represented by an attorney is not defending himself in an action or a proceeding. Furthermore, the statute authorizes defense in a civil action arising out of an act or omission by the employee himself. Here, the employees seek reimbursement in connection with a case against a town official, not against themselves. For these reasons, section 18 does not provide authorization for the Town to pay the legal expenses of the town employees called to assist in the criminal investigation of the town supervisor.
We believe that local legislation that would provide for the representation or reimbursement of legal fees incurred by a public employee when accompanied by an attorney to be interviewed or to testify before a grand jury would fall within the Town's home rule powers. See
Municipal Home Rule Law § 10(1)(ii)(a)(1) (municipality authorized to legislate with respect to the compensation of its officers and employees).
To be valid, a local law providing this benefit to its employees would have to be reasonably related to a legitimate public purpose. See GoodHumor Corp. v. City of New York, 290 N.Y. 312, 317 (1943). We have previously opined that legal costs may be reimbursed to public officials who successfully defend criminal charges brought against them for actions taken within the scope of their employment. Op. Att'y Gen. (Inf.) No. 91-4. Our opinion was based on the assumption that this benefit would be provided to municipal employees as a part of their total compensation package. Id. This benefit, we concluded, would not run afoul of the constitutional prohibition on gifts of public funds because it would serve a public purpose: the municipality would receive something in return — a public workforce. Id. The Town may find that the same purpose, or another valid public purpose, would be served by the provision of legal costs for town employees who are called to testify or be interviewed in an investigation against another town employee or official.
We note, however, that the risk of a public employee having to defend himself from unfounded charges for actions arising out of the public employment has long been recognized. See In re Chapman v. City of NewYork, 168 N.Y. 80, 86 (1901); Corning v. Village of Laurel Hollow,48 N.Y.2d 348, 353 (1979). This risk has been used as a rationale for the provision of defense and indemnification for public officials and employees, to entice people who are reluctant to assume that risk individually to accept public employment. See In re Kane v. McClellan,110 App. Div. 44, 47-48 (2d Dep't 1906) ("It is quite conceivable that a man who would otherwise hesitate or refuse to undertake the duties of a public office for the pecuniary compensation attached thereto by law, might be most willing to do so if assured in advance that he would not himself be compelled to pay out of his own pocket for the successful refutation before a criminal court of an unjust accusation affecting his official probity and conduct; and the assurance against such a liability . . . might well operate with many persons as an inducement to enter the public service."); cf. Wyatt v. Cole, 504 U.S. 158, 167 (1992) ("[W]e have recognized qualified immunity for government officials where it was necessary to preserve their ability to serve the public good or to ensurethat talented candidates were not deterred by the threat of damages suitsfrom entering public service." (emphasis added)). We have not, however, located comparable case law recognizing that the possibility that a public employee, as a result of his employment, will be called to testify before a grand jury or to be interviewed in connection with a criminal investigation of a third party has kept qualified individuals from accepting positions of public employment. It may be that this possibility is sufficiently remote to have had no detrimental effect on the establishment and maintenance of a public workforce.
In any event, we are of the opinion that such a law could not provide for the reimbursement of legal expenses incurred by the employees called as witnesses in the instant investigation against the town supervisor. This is because any local law providing for defense and indemnification must be prospective in operation to avoid violating the constitutional prohibition against gifts of public funds for private purposes. N.Y. Const., art. VIII, § 1; Corning v. Village of Laurel Hollow,48 N.Y.2d 348, 354 (1979) ("This is not to question the power of the municipality to enact an ordinance empowering it to defend its officials who in the future may be charged with violating the law in the performance of their duties. Such a considered policy decision would raise no constitutional objections, for the cost of the defense would simply be considered additional remuneration." (emphasis added)); In re Guarino v.Anderson, 259 N.Y. 93, 95-96 (1932) ("In so far as the Legislature attempts to give away or authorize the appropriation of public moneys for expenses theretofore incurred by a public officer in defending himself against false accusations, the act is unconstitutional. This does not, however, follow when the act of the Legislature is not retroactive, but prospective . . . so that an officer holds and continues his position not only for the compensation provided by law, but also with the assurance of the legislative act that he will be compensated for the expense of defending himself against accusations growing out of his official duties.").
In the situation presented in your inquiry, the prosecution against the town supervisor is complete, and thus, a law providing this benefit to its employees, including the employees involved in the investigation of the town supervisor, would not be prospective.[2] Therefore, we believe that such a law could not be applied to reimburse the employees who have already incurred legal expenses as witnesses in the prosecution of the town supervisor.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General
In Charge of Opinions
[1] Section 18 provides that the municipal attorney will represent the public employee in any civil litigation or proceeding unless the municipal attorney or a court determines that a conflict of interest exists and that the employee is entitled to be represented by a private attorney of his choice. Public Officers Law § 18(3)(b). In the event of a conflict, the municipality is to pay reasonable fees to the private counsel. Id.
[2] Courts have established a narrow exception to the requirement that a law be prospective in application to avoid the prohibition against gifts that benefit only private interests. If a payment of public funds is in fulfillment of a "moral obligation," then its retroactivity does not invalidate it. See, e.g., Ruotolo v. New York, 83 N.Y.2d 248, 259
(1994) (retroactive compensation of individual does not violate prohibition against gifts if it rests on adequate moral obligation). The standard for determining whether the municipality has a moral obligation to pay a claim against it is that "it must affirmatively appear that not to act would condone a travesty of justice." Id. We do not believe that this standard is met in the circumstances you present. See In re Chapmanv. City of New York, 168 N.Y. 80, 86 (1901) ("There was no moral obligation on the part of the [city] to discharge such a claim [requesting reimbursement of legal expenses incurred by a public officer who successfully defended himself against charges of official misconduct], for it had no foundation in natural or legal right."); In reJensen v. City of New York, 44 App. Div. 509, 515 (2d Dep't 1899) ("In the case of the petitioner, and other officers similarly situated, there was no obligation whatever, legal, equitable or moral, on the part of the State or any municipality in the State, to pay to the acquitted individual the expenses which he had sustained by reason of being subjected to an unsuccessful prosecution for official misconduct."); seealso Op. Att'y Gen. (Inf.) No. 2002-4 (city's failure to reimburse filing fees incurred by city council member who commenced Article 78 proceeding against city council did not "condone a travesty of justice.").