Tomaino v Metro Mgt. Dev., Inc. (2025 NY Slip Op 04805)

Tomaino v Metro Mgt. Dev., Inc.

2025 NY Slip Op 04805

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-12547
 (Index No. 2801/19)

[*1]Santino Tomaino, etc., appellant, 
v
Metro Management Development, Inc., et al., respondents.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Fishman and Cabrera, Melville, NY (A. G. Chancellor III of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (George M. Nolan, J.), dated November 28, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In 1991, the plaintiff and his wife (now deceased) purchased shares in, and assumed the proprietary lease to, a cooperative apartment (hereinafter the apartment) owned by the sponsor, the defendant Powells Cove Owners Corp. (hereinafter Powells Cove). The apartment was subject to an existing sublease with a tenant whose rent was regulated through the New York State Division of Housing and Community Renewal (hereinafter DHCR).
At the time the plaintiff and his wife purchased the apartment, Finkelstein Morgan Agency was serving as managing agent for Powells Cove. Upon purchasing the apartment, the plaintiff and his wife signed a separate management agreement with Finkelstein Morgan Agency, by which Finkelstein Morgan Agency agreed to manage the collection of rent and upkeep of the apartment on behalf of the plaintiff and his wife. This separate agreement contained language that its term "shall continue for as long as the agent manage[d] the premises in which the Apartment is located." In May 2001, the defendant Metro Management Development, Inc. (hereinafter Metro), sent the plaintiff and his wife a letter advising them that it was taking over as managing agent for Powells Cove.
In May 2019, the plaintiff commenced this action against Powells Cove, Metro, and the defendants David Baron and Victor Fuerst, who allegedly were owners of Metro. The complaint asserted a cause of action to recover damages for breach of contract, alleging that Metro failed to perform its contractual duties, including, among other things, collecting rent in accordance with DHCR increases, which resulted in the plaintiff defaulting on his obligations under the proprietary lease. In August 2023, the defendants moved for summary judgment dismissing the complaint. In opposition, the plaintiff acknowledged that there was no written contract between him and Metro, but argued that a triable issue of fact existed as to whether a contract implied in fact existed between the plaintiff and Metro based upon the existence of the separate contract between the plaintiff and [*2]Finkelstein Morgan Agency and Metro's conduct after taking over as managing agent for Powells Cove. In an order dated November 28, 2023, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals.
"To recover damages for breach of contract, a plaintiff must demonstrate the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (FPG CH 94 Amity, LLC v Pizzarotti, LLC, 218 AD3d 654, 655-656 [internal quotation marks omitted]; see Ben Ciccone, Inc. v Naber Elec. Corp., 214 AD3d 936, 937-938; 223 SAM, LLC v 223 15th St., LLC, 210 AD3d 733, 734-735). "For a contract to be implied in fact, there indeed 'must be proof of a meeting of the minds'" (AMCAT Global, Inc. v Greater Binghamton Dev., LLC, 140 AD3d 1370, 1372, quoting I.G. Second Generation Partners, L.P. v Duane Reade, 17 AD3d 206, 208). Whether "[a] contract implied in fact [exists] rests upon the conduct of the parties" (Deerkoski v East 49th St. Dev. II, LLC, 120 AD3d 1387, 1389 [internal quotation marks omitted]; see Kiss Constr., Inc. v Edison Elec. Contrs., Corp., 152 AD3d 575, 576), since "a contract implied in fact contemplates not assurances or promises but conduct" (Zimmer v Town of Brookhaven, 247 AD2d 109, 114).
Here, the defendants established, prima facie, that there was no written agreement between the plaintiff and Metro and that the parties' conduct did not manifest an intent that Metro act as the plaintiff's agent in connection with, among other things, the collection of rent for the apartment (see id.). In opposition, the plaintiff, who acknowledged that there was no written agreement between the parties, failed to raise a triable issue of fact as to whether a contract implied in fact existed (see id.).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court